7/22/2015 12:36:40 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6175067
By: Sherryl Dewalt
Filed: 7/22/2015 12:36:40 PM

**2015-42296 / Court: 133**

CAUSE NO. _____

| | | |
|---|---|---|
| DEVEN TESEAN BOWE | § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § § | |
| vs. | § § | ____ JUDICIAL DISTRICT |
| MICHAEL EUGENE DAVIS and COMBINED TRANSPORT, INC. | § § § § | |
| *Defendants* | § | HARRIS COUNTY, TEXAS |

## <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

### DISCOVERY

1. Plaintiff intends to conduct discovery under Level 2.

### PARTIES

2. PLAINTIFF: Deven Tesean Bowe is an individual who resides in Harris County, Texas.

3. DEFENDANT: Michael Eugene Davis is an individual who resides in Baker County, Oregon and may be served with process at his residence, 38391 Pine Town Lane, Halfway, Oregon 97834, or wherever he may be found.

4. DEFENDANT: Combined Transport, Inc. is a for-profit corporation doing business in Harris County, Texas and may be served with process through its registered agent, Michael Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502 or wherever the registered agent may be found.

### RELIEF SOUGHT

5. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### JURISDICTION

6. Damages sought are within the jurisdictional limits of this Court.

### VENUE

7. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred there.



## FACTS

8. This is a suit for bodily injuries sustained as a result of a motor vehicle collision. On or about November 24, 2014, Plaintiff, Deven Tesean Bowe, was driving a 2010 Ford E-Series northbound in the far left lane on 4900 Eastex Freeway in Houston, Harris County, Texas. Defendant, Michael Eugene Davis, was driving a 2015 Peterbilt semi-trailer truck, which was towing on oversized load consisting of two 2008 Aspen Metal Pod and Fabric trailers. Davis was northbound in the two right lanes on 4900 Eastex Freeway, when he failed to secure his load and the rear trailer swung free causing a collision involving at least four vehicles. Combined Transport, Inc. owned the vehicle being operated by Michael Eugene Davis, who was acting in the course and scope of his employment as an employee of Combined Transport Inc. As a result of the collision, Deven Tesean Bowe sustained bodily injuries for which he received medical treatment.

9. All of the above allegations are incorporated below for all purposes.

## CAUSE OF ACTION FOR NEGLIGENCE

10. Defendant Michael Eugene Davis had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that negligence proximately caused Plaintiff's injuries and damages. Specifically, Defendant Michael Eugene Davis was negligent in the following particulars:

    a. failing to keep a proper lookout

    b. failing to secure his load

    c. in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

## CAUSE OF ACTION FOR NEGLIGENCE PER SE

11. Defendant Michael Eugene Davis' negligence described above violated 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1), which provides that an operator of a commercial motor vehicle has a duty to inspect and ensure that the commercial motor vehicle's load is secured.

12. 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) is designed to protect a class of persons to which Plaintiff Deven Tesean Bowe belongs against the type of injury he suffered.

13. 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) creates a statutory duty that imposes tort liability.

14. Defendants violation of 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) was without a legal excuse.

15. Defendants breach of the duty imposed by 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) proximately caused injury to Plaintiff Deven Tesean Bowe

### NEGLIGENT ENTRUSTMENT

16. Defendant Michael Eugene Davis was the operator of a motor vehicle owned by Defendant Combined Transport Inc. Prior to the collision in question, Combined Transport Inc. let the vehicle to Michael Eugene Davis for the purpose of operating it on the public roads of Texas and Michael Eugene Davis was operating the vehicle with the knowledge and consent of the Combined Transport Inc. At such time, the Michael Eugene Davis was not competent and was in fact unfit to safely operate a motor vehicle on the public roads due to his history of traffic violations including, driving a vehicle in unsafe conditions, operating a vehicle in unsafe conditions or with improper equipment, driving under the influence, speeding violations, permitting an unauthorized operator to drive, and driving without a valid driver's license. Combined Transport Inc. knew, or under the exercise of reasonable care should have known, that Michael Eugene Davis was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public roads in this state because of his history of traffic violations.

### RESPONDEAT SUPERIOR

17. At the time of the collision described above, Defendant Michael Eugene Davis was the agent, servant, or employee of Defendant Combined Transport Inc. and was acting within the course and scope of his authority as such agent, servant or employee.

### DAMAGES

18. Because of Plaintiff Deven Tesean Bowes' bodily injuries proximately caused by Defendants negligence, Plaintiff Deven Tesean Bowe is entitled to reasonable and proper compensation for the following legal damages:

    a. past and future medical expenses;

    b. past and future physical pain and mental anguish;

    c. past and future physical impairment;

    d. past and future disfigurement; and

    e. past lost wages and future lost wage-earning capacity.

3

## SELF-AUTHENTICATION NOTICE

19. Pursuant to Tex. R. Civ. P. 193.7, you are hereby given notice that any and all documents produced in response to written discovery requests may be used against you in any pretrial proceeding or at trial. As such, you have ten (10) days from the date of producing said documents to object to the authenticity of all or part of a document, otherwise the documents are considered self-authenticated for admissibility purposes under Tex. R. Evid. 901(a).

## REQUEST FOR DISCLOSURE

20. Pursuant to Tex. R. Civ. P. 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Tex. R. Civ. P. 194.2.

## PRAYER

21. Plaintiff prays for judgment against Defendants for damages, court costs, with prejudgment and post-judgment interest at the highest rate allowable by law, and for all other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Nick Oweyssi

Nick Oweyssi
Texas Bar No. 24072875
THE OWEYSSI LAW FIRM, PLLC
800 Commerce Street
Houston, Texas 77002
T: (713) 225-2222
F: (713) 766-6911
E: nick@oweyssilaw.com

*Attorney for Plaintiff,*
*Deven Tesean Bowe*