8/28/2015 9:51:27 AM
Chris Daniel - District Clerk Harris County
Envelope No. 6675495
By: Brianna Denmon
Filed: 8/28/2015 9:51:27 AM

CAUSE NO. 2015-42296

| | | |
|---|---|---|
| DEVEN TESEAN BOWE, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| MICHAEL EUGENE DAVIS and COMBINED TRANSPORT, INC., | § § § § | |
| *Defendants.* | § § | 133rd JUDICIAL DISTRICT |

### PETITION IN INTERVENTION OF DORA RUIZ

**TO THE HONORABLE COURT:**

Intervenor, Dora Ruiz ("Ruiz") files this Petition in Intervention as a plaintiff against, Combined Transport, Inc. ("Combined Transport"), SuperShuttle Houston LLC ("SuperShuttle"), Deven Tesean Bowe ("Bowe"), Michael Eugene Davis ("Davis"), Nora Estrada ("Estrada"), and Efrain Gomez ("Gomez"), and, for cause of action, would show the Court as follows:

#### PARTIES

1. Dora Ruiz is an individual residing in Brazoria County, Texas.

2. Combined Transport, Inc. is a foreign corporation doing business in Texas and has already appeared in this case.

3. SuperShuttle Houston LLC is a domestic limited liability company located at 720 E. Butterfield Rd., Suite 300, Lombard, IL 60148. It may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

EXHIBIT 2

4.     Michael Eugene Davis is a non-resident individual who can be served at his residence, 38391 Pine Town Ln., Halfway, Oregon 97834-8162, and/or 1609 Suponic Ave., Sarasota, Florida 34243-3932, or wherever he may be found.  This suit arises out of a collision or accident in which Davis was involved in while operating a motor vehicle in Texas so he may be served with process through service on the chairman of the Texas Transportation Commission under Texas's long arm jurisdiction.  TEX. CIV. PRAC. & REM. CODE ANN. § 17.062 (WEST).

5.     Deven Tesean Bowe is a Texas resident and has made an appearance in this lawsuit.

6.     Nora Estrada is an individual residing in Harris County, Texas who can be served at her resident address, 11010 Caribbean Cir., Houston, TX 77089-1203, or wherever she may be found.

7.     Efrain Gomez is an individual residing in Harris County, Texas who can be served at his resident address, 6608 Dunlap St., Houston, TX 77074-5100, or wherever he may be found.

## JURISDICTION AND VENUE

8.     Ruiz brings this negligence action against Defendants for the severe injuries she suffered in an automobile accident caused by Defendants in Houston, Harris County, Texas.  Ruiz seeks monetary relief of over $1,000,000 and all other relief to which she is entitled.  Venue is proper in Harris County under TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.  The subject matter, damages, and relief sought are within the jurisdictional limits of this Court.

## DISCOVERY CONTROL PLAN

9. Ruiz intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.

## RIGHT TO INTERVENE

10. Ruiz has the right to intervene in this action because she could have originally brought the action and been entitled to recover in her own name. *See* Tex. R. Civ. P. 60; *see also Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Ruiz's claims arise out of the same multi-automobile accident from which Bowe's claims arise.

## FACTS

11. On November 24, 2014, at approximately 1:00 PM, a Combined Transport freighter negligently lost control of the massive wind turbine it was pulling along Highway 59 near downtown Houston in Harris County, Texas. The truck was being driven by Davis, an employee of Combined Transport. The turbine created an obstruction in the highway in front of the vehicles being driven by Ruiz, Estrada, Bowe, and Gomez. Due to the negligence of Combined Transport and Davis, and their own negligence, Estrada, Bowe, and Gomez crashed into Ruiz. The severity of the crash caused Ruiz's skull to whiplash with such force she was knocked unconscious. As a result of Defendants' negligence, Ruiz sustained a traumatic brain injury and other injuries to her body, the symptoms of which continue to limit her quality of life and ability to work.

12. At all times material, Davis was acting within the course and scope of his employment with Combined Transport. The operation of motor vehicles to transport

3

property was within the scope of Davis' employment. Davis' actions are therefore attributable to Combined Transport under *respondeat superior*.

13. On information and belief, at all times material, Bowe was acting within the course and scope of his employment with SuperShuttle. The vehicle driven by Bowe was owned by SuperShuttle. The operation of motor vehicles to transport passengers was within the scope of Bowe's employment. Bowe's actions are therefore attributable to SuperShuttle under *respondeat superior*.

## CLAIMS

14. Ruiz hereby incorporates the preceding paragraphs of this Petition in Intervention as if set forth fully below.

15. Combined Transport owed Ruiz a duty to exercise reasonable care to avoid harm to others. Combined Transport owed Ruiz a duty to properly secure the loads their trucks transport. Combine Transport owed Ruiz a duty to have reasonable safety procedures in place. Combined Transport owed Ruiz a duty to exercise reasonable care by ensuring the people who they entrust and authorize to use their equipment and property be safe, prudent and careful operators of the equipment and property. Combined Transport owed Ruiz a duty to use due care in controlling the actions of its employees and supervising them properly. Combined Transport owed Ruiz a duty not to hire unlicensed, reckless, or incompetent employees.

16. Combined Transport breached its duties owed to Ruiz. Combined Transport failed to use ordinary and reasonable care in securing the cargo being transported by its truck. Combined Transport breached its duties in failing to have proper safety procedures in place. Combined Transport was negligent in failing to exercise control over Michael Davis

4

and supervise him properly as a reasonably prudent employer would in the same or similar circumstances. Combined Transport was negligent in entrusting the vehicle to Davis. Furthermore, Combined Transport is negligent *per se* for its violation of Texas Transportation Code §§ 725.021, 547.004, 547.352, 542.302, 545.351, and 49 C.F.R. § 392.9 as adopted by TEX. ADMIN. CODE § 4.11(a)(1). Ruiz belongs to the class of persons the statutes are designed to protect and their violation proximately caused Ruiz's injuries. The injuries and damages set forth in this Petition were proximately caused by Defendants' aforementioned acts or omissions and were foreseeable results of such acts or omissions.

17. Combined Transport is also vicariously liable for the negligence of Davis. Combined Transport is the actual, statutory, apparent, or constructive employer of Davis. Combined Transport owned the truck that Davis operated negligently. At all times material hereto, Davis was acting in the course and scope of his employment with Combined Transport.

18. Davis owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances. Davis had a duty to avoid creating foreseeable risks to others. Davis owed Ruiz a duty to properly secure the loads that he transported, to check that the load stayed secured on his trip, and to drive in a way that does not cause the cargo to come free.

19. Davis breached his duties because he did not conduct himself as a prudent person would under the same or similar circumstances. Davis breached his duty by failing to properly secure the load he was transporting and by failing to operate his vehicle in a safe and prudent manner. Furthermore, Davis was negligent *per se* for his violation of Texas Transportation Code §§ 725.021, 547.004, 547.352, 545.351, and 49 C.F.R. § 392.9 as

adopted by TEX. ADMIN. CODE § 4.11(a)(1). Ruiz belongs to the class of persons the statutes are designed to protect and their violation proximately caused Ruiz's injuries. The injuries and damages set forth in this Petition were proximately caused by Defendants' aforementioned acts or omissions and were foreseeable results of such acts or omissions.

20. Estrada owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances. Estrada owed Ruiz a duty to keep a proper lookout. Estrada breached her duties owed to Ruiz by not operating the vehicle she was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout. Ruiz's injuries were proximately caused by Estrada's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

21. Bowe owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances. Bowe owed Ruiz a duty to keep a proper lookout. Bowe breached his duty of care owed to Ruiz by not operating the vehicle he was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout. Ruiz's injuries were proximately caused by Bowe's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

22. SuperShuttle is vicariously liable for the negligence of Bowe. SuperShuttle is the actual, statutory, apparent, or constructive employer of Bowe. SuperShuttle owned the van that Bowe operated negligently. At all times material hereto, Bowe was acting in the course and scope of his employment with SuperShuttle.

23. Gomez owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances. Gomez owed Ruiz a duty to keep a proper lookout. Gomez breached his duty of care owed to Ruiz by not operating the vehicle he was

driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout. Ruiz's injuries were proximately caused by Gomez's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

24. Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of Ruiz's injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Ruiz therefore asks for and is entitled to punitive and exemplary damages in addition to all actual damages.

## DAMAGES

**A.   Actual Damages**

25. Ruiz incorporates the preceding paragraphs of this Petition in Intervention as if set forth fully below.

26. As a direct and proximate result of Defendants' negligence, Ruiz suffered traumatic brain injuries and severe injuries to her shoulder and other parts of her body. Ruiz has suffered personal injuries and seeks monetary damages to compensate them for the following elements of damages:

(a)   Reasonable and necessary medical care and expenses in the past;

(b)   Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;

(c)   Physical pain and suffering in the past;

(d)   Physical pain and suffering that will, in reasonable probability, be incurred in the future;

(e)   Physical impairment in the past;

7

  (f)  Physical impairment that will, in reasonable probability, be suffered in the future;

  (g)  Mental anguish in the past;

  (h)  Mental anguish that will, in reasonable probability, be suffered in the future;

  (i)  Loss of earning capacity in the past;

  (j)  Loss of earning capacity that will, in reasonable probability, be suffered in the future; and

  (k)  Loss of wages.

**B. Exemplary Damages**

27. Ruiz incorporates the preceding paragraphs of this Petition in Intervention as set forth fully below.

28. Exemplary damages should be assessed against Defendants because they are guilty of gross negligence or malice. Such damages will serve as a deterrent to such future bad conduct and as a punishment for their bad acts in an amount to be determined by the jury.

## JURY DEMAND

29. Ruiz demands a jury trial and tenders the appropriate fee with this petition in intervention.

## CONDITIONS PRECEDENT

30. All conditions precedent for the above claims have occurred or been performed.

## REQUEST FOR DISCLOSURES

31. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants Combined Transport, SuperShuttle, Bowe, Davis, Estrada, and Gomez disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

WHEREFORE, Intervenor Dora Ruiz prays that the parties take notice of the petition in intervention and that, upon final trial, Ruiz receive judgment against Defendants Combined Transport, Inc., SuperShuttle LLC, Deven Tesean Bowe, Michael Eugene Davis, Nora Estrada, and Efrain Gomez for actual damages suffered by Ruiz, exemplary damages, plus pre- and post-judgment interest at the highest rate allowed by law, all costs of court, and all such other and further relief, at law and in equity, to which she may be justly entitled.

Respectfully submitted by,

**DOYLE RESTREPO HARVIN & ROBBINS, L.L.P.**

By: /s/ James Eloi Doyle
James Eloi Doyle
State Bar No. 06093500
jdoyle@drhrlaw.com
Reed W. Burritt
State Bar No. 24092201
rburritt@drhrlaw.com

440 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

Mark D. Manela
State Bar No. 12894500
MANELA LAW FIRM
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 240-4843 (telephone)

**ATTORNEYS FOR DORA RUIZ**

## CERTIFICATE OF SERVICE FOR PARTIES WHO HAVE ALREADY APPEARED

I certify that on August 28, 2015, a true and correct copy of this document was served on all known counsel of record by facsimile and/or electronic service, or other means in accordance with the Texas Rules of Civil Procedure:

Nick Oweyssi
THE OWEYSSI LAW FIRM, PLLC
3200 Southwest Freeway, Suite 2350
Houston, Texas 77027
nick@oweyssilaw.com
Facsimile: (713) 766-6911
*Attorney for Deven Tesean Bowe*

Eric R. Benton
LORANCE & THOMAS, P.C.
2900 North Loop West, Suite 500
Houston, Texas 77092
erb@lorancethompson.com
Facsimile: (713) 864-4671
*Attorney for Combined Transport, Inc.*

/s/ Reed W. Burritt
Reed W. Burritt