9/1/2015 4:00:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 6750980
By: Shanelle Taylor
Filed: 9/1/2015 4:00:37 PM

CAUSE NO. 2015-42296

| | | |
|---|---|---|
| DEVEN TESEAN BOWE<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | |
| COMBINED TRANSPORT, INC. and MICHAEL DAVIS<br>*Defendants.* | §<br>§<br>§ | |
| & | §<br>§ | HARRIS COUNTY, TEXAS |
| EFRAIN GOMEZ,<br>*Cross Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | |
| COMBINED TRANSPORT, INC. and MICHAEL DAVIS<br>*Cross-Defendants.* | §<br>§<br>§ | 133rd JUDICIAL DISTRICT |

## CROSS PLAINTIFF'S ORIGINAL CROSS PETITION

Cross-Plaintiff Efrain Gomez files this Original Cross Petition against Cross-Defendants Combined Transport, Inc. and Michael Davis and Request for Disclosures.

### I.
### NATURE OF THE LITIGATION

Cross-Defendants' negligence caused injuries to Efrain Gomez Rivera in a tractor/trailer vehicle collision on November 24, 2014.

### II.
### DISCOVERY CONTROL PLAN & RULES COMPLIANCE

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Level 2 shall control the discovery of this case until the Court issues a discovery control plan under rule 190.4. Cross-Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Cross-Plaintiff, but as required by Texas Rules of Civil Procedure 47, Cross-Plaintiff seeks monetary relief of greater than $1,000,000, including damages of any kind, penalties, costs,



EXHIBIT 4

expenses, pre-judgment interest and attorney's fees. In compliance with §30.014 of the Texas Civil Practice & Remedies Code, for those Cross-Plaintiff who have been issued such, the Cross-Plaintiff Gomez's last three digits of his Social Security number is ###-##-#125, and last three digits of his Texas Driver's license is #####838.

### III.
### PARTIES

Plaintiff Deven Tesean Bowe is a resident of Harris County. A copy of this cross-petition will be forwarded to Nick Oweyssi, The Oweyssi Law Firm, attorney of record for Plaintiff, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

Intervenor Plaintiff Dora Ruiz is a resident of Harris County. A copy of this cross-petition will be forwarded to James Doyle, attorney in record for Intervenor Plaintiff, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

Defendant/Cross-Plaintiff Efrain Gomez resides in Harris County, Texas.

Defendant/Cross-Defendant Combined Transport, Inc. is a foreign corporation doing business in Texas and may be served by serving its attorney of record Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092 under the provisions of Texas Rules of Civil Procedure 21 and 21a.

Defendant/Cross-Defendant Michael Davis is a non-resident of Texas, and may be served with process at his home address, to wit: 38291 Pine Town Ln., Halfway, Oregon 97834-8162 and/or 1609 Supsonic Ave., Sarasota, Florida 34243-3932, or wherever he may be found. Citation is requested so that a private process server can serve citation on Cross-Defendant Michael Davis.

## IV.
## VENUE & JURISDICTION

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(a)(1) because it's the county in which all or substantial part of the events or omission giving rise to the claim occurred.

Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

## V.
## FACTS OF COLLISION

On November 24, 2014, Cross-Defendant Combined Transport, Inc. employed Cross-Defendant Michael Davis to drive a 2015 Peterbilt tractor (VIN# 1XPWD40X79D778433, License YAFW20 – hereinafter "tractor") with two trailers (VIN#2A90T45348N125165, License 039C095 – hereinafter "Trailer 1"; VIN#2A9TD40488N125166, License HU42029 – hereinafter "Trailer 2"). Cross-Defendants' Trailer 1 and Trailer 2 were each loaded with a wind turbine. Because the wind turbine were so large, when placed on a trailer it created an oversize load such.

Cross-Defendant Davis exited the 610 Loop and was entering I-59 North. Because of the oversize load, Cross-Defendant Davis occupied both lanes of traffic merging on I-59 North. As Cross-Defendant Davis was merging, Cross-Defendants' Trailer 2 came free and swung uncontrollably into traffic. The wind turbine on Cross-Defendants' Trailer 2 started to come off and dragged across the lanes of I-59 traffic. This created a dangerous condition for the traffic travelling north on I-59.

Immediately after Cross-Defendants created a dangerous condition on I-59, a vehicle traveling north on I-59 applied its brakes to try and avoid Cross-Defendants' Trailer 2 and its wind turbine. But the vehicle could not stop in time and collided with Cross-Defendants' Trailer

2. The vehicle was driven by Cross-Plaintiff Efrain Gomez. As a result of the collision, Cross-Plaintiff suffered severe injuries and damages.

## VI.
### CAUSES OF ACTION

The preceding paragraphs are incorporated herein by reference.

### A. Condition Precedent

All conditions precedent have been performed or occurred.

### B. Negligence & Negligence Per Se

The injuries Cross-Plaintiff sustained in the above-described collision were proximately caused by the negligence and negligence per se of Cross-Defendants in failing to enact, and/or enforce appropriate safety rules, regulations, and/or practices that would have prevented the collision and damages. More specifically but without limitation, Cross-Defendants' negligence and negligence per se acts and omissions include but are not limited to the following:

   a. Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.70 & 393.71 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

   b. Failing to inspect and ensure that wind turbine load was secure in violating the Federal Motor Carrier Regulations 49 CFR §§ 392.9 and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

   c. Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.100, 393.102, 393.104, 393.106, 393.108, 393.110, and 393.130 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

   d. Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation Safety);

   e. Failing to have safety chains strong enough maintain the connection between the trailers (Tex. Transp. Code §545.410(b));

   f. Driving a vehicle in willful or wanton disregard for the safety of the public including Cross-Plaintiff (Tex. Transp. Code §545.401(a));

g. Owns the tractor and trailer or employed or otherwise directed the operator of a vehicle commits an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates law (Tex. Transp. Code §545.302).

h. Operating at a speed greater than is reasonable and prudent under the circumstances (Tex. Transp. Code §545.351);

i. Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person (Tex. Transp. Code §547.004(a)(1))

j. Operating or permitting somebody to operate a vehicle that is not equipped in a manner that complies with the vehicle equipment standard requirements (Tex. Transp. Code §547.004(a)(2) & (a)(3))

k. Failing to properly secure the load on trailer;

l. Failing to properly connect Trailer 2 to Trailer 1;

m. Creating a dangerous condition; and

n. Failure to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and

Each of the above-listed acts and/or omissions, singularly and in combination with others, constitutes negligence and gross negligence that proximately caused Cross-Plaintiff' injuries and damages.

## VII.
## DAMAGES

As a result of the unnecessary occurrence, Cross-Plaintiff claim all damages recognizable by law, including but not limited to past and future:

    a. Physical pain;

    b. Mental anguish;

    c. Medical Expenses;

    d. Loss of earning capacity;

    e. Loss of affection;

  f. Loss of consortium;

  g. Guidance;

  h. Counseling;

  i. Physical impairment;

  j. Loss of enjoyment of life;

  k. Loss of income;

  l. Pre-judgment interest at the maximum legal rate;

  m. Post-judgment interest at the maximum legal rate;

  n. Court costs; and

  o. All other forms of damages available to Cross-Plaintiff.

Further, Cross-Plaintiff damages exceed the minimum jurisdictional limits of the Court.

## VIII.
## REQUEST FOR JURY TRIAL

Cross-Plaintiff hereby assert their right under the United States and Texas Constitution and demand a trial by jury. Cross-Plaintiff herein has tendered the appropriate fee with this Original Petition.

## IX.
## RIGHT TO AMEND

These allegations against Cross-Defendant are made acknowledging that this lawsuit is still in investigation and discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding and/or dismissing parties to the case. The right to do so, under Texas law, is expressly reserved.

## X.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Cross-Plaintiff requests the Cross-Defendant disclose the information or material described in Rule 194.2(a) through 194.2(l) within thirty (30) days of the service of this petition and request under Rule 21 and 21a or fifty (50) days if being served by original citation.

## XI.
### PRAYER

Cross-Plaintiff prays that Cross-Defendants be cited in terms of law to appear and answer herein, and that upon final trial, Cross-Plaintiff have a judgment entered against Cross-Defendants for the damages plead and for such other and further relief to which Cross-Plaintiff may be justly entitled in law or in equity.

Respectfully submitted,

/s/ Hector G. Longoria

HECTOR G. LONGORIA
Texas State Bar No. 00794185
Email: hlongoria@heardrobins.com
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Telephone: (713) 650-1200
Facsimile: (713) 650-1400

*Attorney for Cross-Plaintiff,
Efrain Gomez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered in accordance with Rule 21 and 21a of the Texas Rules of Civil Procedure to the counsel of record listed below by electronic delivery via eFiling for Courts eService, email, certified mail/return receipt requested and/or facsimile on this 1st day of September, 2015:

James Eloi Doyle
**DOYLE, RESTREPO HARVIN & ROBBINS, L.L.P.**
State Bar No. 06093500
jdoyle@drhrlaw.com
Reed W. Burritt
State Bar No. 24092201
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 228-5100
(713) 228-6138(facsimile)

Mark D. Manela
**MANELA LAW FIRM**
State Bar No. 12894500
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 240-4843

*Attorneys for Intervenor Plaintiff,*
*Dora Ruiz*

Nick Oweyssi
**THE OWEYSSI LAW FIRM**
State Bar No. 04019100
800 Commerce Street
Houston, Texas 77002
rburritt@drhrlaw.com

*Attorney for Plaintiff*
*Deven Tesfan Bowe*

Eric R. Benton
**LORANCE & THOMPSON, P.C.**
2900 North Loop West Suite 500
Houston, Texas 77092

*Attorneys for Defendants*
*Combined Transport, Inc. and*
*Michael Davis*

Hector G. Longoria