12/30/2015 2:27:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8411057
By: EVELYN PALMER
Filed: 12/30/2015 2:27:46 PM

## CAUSE NO. 2015-42296

| | | |
|---|---|---|
| DEVEN TESEAN BOWE | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | |
| COMBINED TRANSPORT, INC. and | § | |
| MICHAEL DAVIS | § | |
| *Defendants.* | § | |
| | § | |
| & | § | HARRIS COUNTY, TEXAS |
| | § | |
| EFRAIN GOMEZ, | § | |
| *Cross Plaintiff,* | § | |
| v. | § | |
| | § | |
| COMBINED TRANSPORT, INC. and | § | |
| MICHAEL DAVIS | § | |
| *Cross-Defendants.* | § | 133rd JUDICIAL DISTRICT |

### CROSS PLAINTIFF'S FIRST AMENDED CROSS PETITION

Cross-Plaintiff Efrain Gomez files this their First Amended Original Cross Petition against Cross-Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc. and Request for Disclosures.

### I.
#### NATURE OF THE LITIGATION

Cross-Defendants' negligence caused injuries to Efrain Gomez Rivera in a tractor/trailer vehicle collision on November 24, 2014.

### II.
#### DISCOVERY CONTROL PLAN & RULES COMPLIANCE

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Level 2 shall control the discovery of this case until the Court issues a discovery control plan under rule 190.4. Cross-Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Cross-Plaintiff, but as required by Texas Rules of Civil Procedure 47, Cross-Plaintiff seeks

Unofficial Copy Office of Chris Daniel District Clerk

**EXHIBIT 16**

monetary relief of greater than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. In compliance with §30.014 of the Texas Civil Practice & Remedies Code, for those Cross-Plaintiff who have been issued such, the Cross-Plaintiff Gomez's last three digits of his Social Security number is ###-##-#125, and last three digits of his Texas Driver's license is #####838.

### III.
### PARTIES

Plaintiff Deven Tesean Bowe is a resident of Harris County.

Intervenor Plaintiff Immel Rivera is a resident of Harris County.

Intervenor Plaintiff Dora Ruiz is a resident of Harris County.

Defendant/Cross-Plaintiff Efrain Gomez resides in Harris County, Texas.

Defendant/Cross-Defendant Combined Transport, Inc. is a foreign corporation doing business in Texas and has appeared through its attorney Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Defendant/Cross-Defendant Michael Davis is a non-resident of Texas, and has appeared through its attorney Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Supershuttle Houston, LLC is a named Defendant that has appeared through its attorney Fernando P. Arias and Lisa Yeager, Fletcher, Farley, Shipman & Salinas, 9201 N. Central Expressway, Suite 600, Dallas, Texas 75231.

Defendant/Cross-Defendant Combined Transport Logistics Group, Inc. is a foreign corporation doing business in Texas and may be served by serving its registered agent for service of process, and President, Michael Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502 or wherever the registered agent may be found.

## IV.
### VENUE & JURISDICTION

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(a)(1) because it's the county in which all or substantial part of the events or omission giving rise to the claim occurred.

Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

## V.
### FACTS OF COLLISION

On November 24, 2014, Cross-Defendants Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. employed Defendant Michael Davis to drive a tractor (VIN# 1XPWD40X79D778433, License YAFW20 – hereinafter "tractor") with two trailers (VIN#2A90T45348N125165, License 039C095 – hereinafter "Trailer 1"; VIN#2A9TD40488N125166, License HU42029 – hereinafter "Trailer 2") to haul a wind turbine. The wind turbine is cylindrical approximately 45 feet long and 15 feet in diameter.



The Tractor is connected to Trailer 1.



At the back end of Trailer 1, it has a hydraulic clamp that secures one end of the wind turbine.



Trailer 2, like Trailer 1, uses a hydraulic clamping system to secure the end of the wind turbine.



There are is no weight support under the wind turbine between the end of Trailer 1 and the beginning of Trailer 2. Because the wind turbine is so large, it created an oversize load such.

Cross-Defendant Davis had exited the 610 Loop and attempting to enter I-59 North. As Cross-Defendant Davis was taking the curve to merge, Cross-Defendants' Trailer 2 swung uncontrollably and strikes a concrete barrier that separated 610 Loop traffic and I-59 traffic. The wind turbine became dislodged from Trailer 2 and rolls across I-59 traffic. Because the wind turbine is torn free from Trailer 2, Trailer 2 starts to shoots across the lanes of I-59 lanes of traffic. The middle section of Trailer 2 collides with a box truck tractor. The box truck tractor veers left. Trailer 2 continues across all lanes of I-59 traffic. Trailer 2 then collides with the concrete barrier that separate I-59 north traffic from south traffic and comes to rest.



The dangerous condition caused by Trailer 2 caused other vehicle driving on I-59 to crash. The driver of the box truck was Cross-Plaintiff Efrain Gomez. Cross-Plaintiff was extremely injured.

## VI.
## CAUSES OF ACTION

The preceding paragraphs are incorporated herein by reference.

### A. Condition Precedent

All conditions precedent have been performed or occurred.

### B. Negligence & Negligence Per Se

The injuries Cross-Plaintiff sustained in the above-described collision were proximately caused by the negligence and negligence per se of Cross-Defendants in failing to enact, and/or enforce appropriate safety rules, regulations, and/or practices that would have prevented the collision and damages.  More specifically but without limitation, Cross-Defendants' negligence and negligence per se acts and omissions include but are not limited to the following:

a.   Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.70 & 393.71 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

b.   Failing to inspect and ensure that wind turbine load was secure in violating the Federal Motor Carrier Regulations 49 CFR §§ 392.9 and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

c.   Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.100, 393.102, 393.104, 393.106, 393.108, 393.110, and 393.130  – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

d.   Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation  Safety);

e.   Failing to have safety chains strong enough maintain the connection between the trailers  (Tex. Transp. Code §545.410(b));

f.   Driving a vehicle in willful or wanton disregard for the safety of the public including Cross-Plaintiff (Tex. Transp. Code §545.401(a));

g.   Owns the tractor and trailer or employed or otherwise directed the operator of a vehicle commits an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates law (Tex. Transp. Code §545.302).

h. Operating at a speed greater than is reasonable and prudent under the circumstances (Tex. Transp. Code §545.351);

i. Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person  (Tex. Transp. Code §547.004(a)(1))

j. Operating or permitting somebody to operate a vehicle that is not equipped in a manner that complies with the vehicle equipment standard requirements (Tex. Transp. Code §547.004(a)(2) & (a)(30)

k. Failing to properly secure the load on trailer;

l. Failing to properly connect Trailer 2 to Trailer 1;

m. Creating a dangerous condition; and

n. Failure to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and

Each of the above-listed acts and/or omissions, singularly and in combination with others, constitutes negligence and gross negligence that proximately caused Cross-Plaintiff' injuries and damages.

**C. Respondeat Superior**

At the time of the collision in questions, Cross-Defendant Michael Davis, was working in the course and scope of its employment with Cross-Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc.   Therefore, Cross-Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. is legally responsible for the negligence of Defendant Edward Michael Davis under *respondeat superior*.

**D. Negligent Entrustment**

Cross-Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc.  negligently entrusted its vehicle to Cross-Defendant Michael Davis.  Cross-Defendant Davis was incompetent and/or a reckless driver.  Cross-Defendants Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. knew or should have known

that Cross-Defendant Davis, was incompetent and/or a reckless driver before they let him drive its tractor/trailer.   Cross-Defendants Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc.  knew or should have known that Defendant Davis was incompetent and/or a reckless driver after it let Cross-Defendant Davis drive its tractor and Trailer1 and Trailer 2 but before the collision of November 24, 2014. Cross Defendant Davis was negligent, as described above,   at  the  time  of  the  collision.   Cross-Defendant  Davis  negligence  singularly  or  in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Cross Plaintiff which form a basis of this action.

### E.  Negligence of Employers

At  the  time  of  the  collision,  Cross-Defendants  Combined  Transport,  Inc.  and/or Combined Transport Logistics Group, Inc.  was a motor carrier as defined by the Federal Motor Carrier Regulations, Title 49, Code of Federal Regulations and/or the Texas Department of Motor Vehicles Motor Carrier Division.  Cross-Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc.  owed a statutory and common-law to Cross-Plaintiff to have its Tractor, Trailer 1 and Trailer 2 properly inspected, repaired and a maintained.  Cross-Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. owed a statutory  and  common-law  to  Cross-Plaintiff  to  have  its  driver's  properly  trained  and  in compliance with all applicable laws and regulations.  Cross-Defendants Combined Transport, Inc.,  and/or  Combined  Transport  Logistics  Group,  Inc.  breached  these  duties  constituted negligence,  gross  negligence,  and/or  malice,  which  were  a  proximate  cause  of  the  injuries  and damages to Plaintiff which form a basis of this action.

## VII.
### DAMAGES

As a result of the unnecessary occurrence, Cross-Plaintiff claim all damages recognizable by law, including but not limited to past and future:

a.  Physical pain;

b.  Mental anguish;

c.  Medical Expenses;

d.  Loss of earning capacity;

e.  Loss of affection;

f.  Loss of consortium;

g.  Guidance;

h.  Counseling;

i.  Physical impairment;

j.  Loss of enjoyment of life;

k.  Loss of income;

l.  Pre-judgment interest at the maximum legal rate;

m.  Post-judgment interest at the maximum legal rate;

n.  Court costs; and

o.  All other forms of damages available to Cross-Plaintiff.

Further, Cross-Plaintiff damages exceed the minimum jurisdictional limits of the Court.

Plaintiff incorporates all previous paragraphs by reference.  Cross-Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc.  conduct described above constitutes malice and/or gross negligence.  Cross-Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc.'s  acts and

omissions, when viewed from the standpoint of the Cross-Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc.  at the time of the acts and omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Cross-Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc.  had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference or worse with regard to the rights, safety and welfare of the Plaintiffs.  Accordingly, Cross-Plaintiff sue for exemplary damages in an amount to be determined at trial by a fair and impartial jury after hearing all of the evidence and considering all of the circumstances.  Given the early stage of this action and that discovery has just begun and that all the evidence is not yet available, it is difficult to predicate the maximum amount of damages Plaintiffs will present to a jury for consideration.

## VIII.
### REQUEST FOR JURY TRIAL

Cross-Plaintiff hereby asserts their right under the United States and Texas Constitution and demand a trial by jury.  Cross-Plaintiff herein has tendered the appropriate fee with this Original Petition.

## IX.
### RIGHT TO AMEND

These allegations against Cross-Defendant are made acknowledging that this lawsuit is still in investigation and discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding and/or dismissing parties to the case.  The right to do so, under Texas law, is expressly reserved.

## X.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Cross-Plaintiff requests the Cross-Defendant disclose the information or material described in Rule 194.2(a) through 194.2(l) within thirty (30) days of the service of this petition and request under Rule 21 and 21a or fifty (50) days if being served by original citation.

## XI.
### PRAYER

Cross-Plaintiff prays that Cross-Defendants be cited in terms of law to appear and answer herein, and that upon final trial, Cross-Plaintiff have a judgment entered against Cross-Defendants for the damages plead and for such other and further relief to which Cross-Plaintiff may be justly entitled in law or in equity.

Respectfully submitted,

HECTOR G. LONGORIA
Texas State Bar No. 00794185
Email: hlongoria@heardrobins.com
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Telephone:     (713) 650-1200
Facsimile:     (713) 650-1400

*Attorney for Cross-Plaintiff,*
*Efrain Gomez*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered in accordance with Rule 21 and 21a of the Texas Rules of Civil Procedure to the counsel of record listed below by electronic delivery via eFiling for Courts eService, email, certified mail/return receipt requested and/or facsimile on this 30th day of December, 2015:

James Eloi Doyle
**DOYLE, RESTREPO HARVIN & ROBBINS, L.L.P.**
State Bar No. 06093500
jdoyle@drhrlaw.com
Reed W. Burritt
State Bar No. 24092201
rburritt@drhrlaw.com
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 228-5100
(713) 228-6138(facsimile)

Mark D. Manela
**MANELA LAW FIRM**
State Bar No. 12894500
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 240-4843

*Attorneys for Intervenor Plaintiff,*
*Dora Ruiz*

Nick Oweyssi
**THE OWEYSSI LAW FIRM**
State Bar No. 04019100
800 Commerce Street
Houston, Texas 77002

Fernando P. Arias
State Bar No. 24025946
Lisa Yeager
State Bar No. 24063201
Fletcher, Farley, Shipman & Salinas, LLP.
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231

*Attorneys for Deven Tesean Bowe*
*Suppershuttle Houston LLC*

Eric R. Benton
**LORANCE & THOMPSON, P.C.**
2900 North Loop West Suite 500
Houston, Texas 77092
 *Attorneys for Defendants*
 *Combined Transport, Inc. and*
 *Michael Davis*

Hector G. Longoria