12/30/2015 2:32:24 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8411209
By: EVELYN PALMER
Filed: 12/30/2015 2:32:24 PM

## CAUSE NO. 2015-42296

| | | |
|---|---|---|
| DEVEN TESEAN BOWE | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| DORA RUIZ & IMMELL BLADIMIR | § | |
| RIVERA, | § | |
| *Intervenor Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| COMBINED TRANSPORT, INC. and | § | |
| MICHAEL DAVIS | § | |
| *Defendants.* | § | 133rd JUDICIAL DISTRICT |

## INTERVENOR PLAINTIFF'S FIRST AMENDED PETITION IN INTERVENTION

Intervenor Plaintiff Immel Bladimir Rivera files his First Amended Petition in Intervention as a party-plaintiff against Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc. and Request for Disclosures.

### I.
### NATURE OF THE LITIGATION

Defendants' negligence caused injuries to Immel Bladimir Rivera in a tractor/trailer vehicle collision on November 24, 2014 on the service road of the Northwest Freeway.

### II.
### DISCOVERY CONTROL PLAN & RULES COMPLIANCE

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Level 2 shall control the discovery of this case until the Court issues a discovery control plan under rule 190.4. Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Intervenor Plaintiff seeks monetary relief of greater than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. In compliance with §30.014 of the Texas Civil Practice & Remedies Code, Intervenor Plaintiff has provided the last three digits for issued Social Security numbers and  Texas Driver's license numbers that have been issued.

**EXHIBIT**
**17**

### III.
### PARTIES

Plaintiff Deven Tesean Bowe is a resident of Harris County.

Intervenor Plaintiff Immel Rivera is a resident of Harris County.

Intervenor Plaintiff Dora Ruiz is a resident of Harris County.

Defendant/Cross-Plaintiff Efrain Gomez resides in Harris County, Texas.

Defendant/Cross-Defendant Combined Transport, Inc. is a foreign corporation doing business in Texas and has appeared through its attorney Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Defendant/Cross-Defendant Michael Davis is a non-resident of Texas, and has appeared through its attorney Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Supershuttle Houston, LLC is a named Defendant that has appeared through its attorney Fernando P. Arias and Lisa Yeager, Fletcher, Farley, Shipman & Salinas, 9201 N. Central Expressway, Suite 600, Dallas, Texas 75231.

Defendant/Cross-Defendant Combined Transport Logistics Group, Inc. is a foreign corporation doing business in Texas and may be served by serving its registered agent for service of process, and President, Michael Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502 or wherever the registered agent may be found.

### IV.
### VENUE & JURISDICTION

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(a)(1) because it's the county in which all or substantial part of the events or omission giving rise to the claim occurred.

Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

## V.
### FACTS OF COLLISION & LAWSUIT

**A. Common Facts of Collision**

On November 24, 2014, Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. employed Defendant Michael Davis to drive a tractor (VIN# 1XPWD40X79D778433, License YAFW20 – hereinafter "tractor") with two trailers (VIN#2A90T45348N125165, License 039C095 – hereinafter "Trailer 1"; VIN#2A9TD40488N125166, License HU42029 – hereinafter "Trailer 2") to haul a wind turbine. The wind turbine is cylindrical approximately 45 feet long and 15 feet in diameter.



The Tractor is connected to Trailer 1.



At the back end of Trailer 1, it has a hydraulic clamp that secures one end of the wind turbine.



Trailer 2, like Trailer 1, uses a hydraulic clamping system to secure the end of the wind turbine.



There are is no weight support under the wind turbine between the end of Trailer 1 and the beginning of Trailer 2. Because the wind turbine is so large, it created an oversize load such.

Defendant Davis had exited the 610 Loop and attempting to enter I-59 North. As Defendant Davis was taking the curve to merge, Defendants' Trailer 2 swung uncontrollably and strikes a concrete barrier that separated 610 Loop traffic and I-59 traffic. The wind turbine became dislodged from Trailer 2 and rolls across I-59 traffic. Because the wind turbine is torn free from Trailer 2, Trailer 2 starts to shoots across the lanes of I-59 lanes of traffic. The middle section of Trailer 2 collides with a box truck tractor. The box truck tractor veers left. Trailer 2 continues across all lanes of I-59 traffic. Trailer 2 then collides with the concrete barrier that separate I-59 north traffic from south traffic and comes to rest.



The dangerous condition caused by Trailer 2 caused other vehicle driving on I-59 to crash. The passenger of the box truck was Intervenor Plaintiff Immel Bladimir Rivera. Intervenor Plaintiff Immel Bladimir Rivera was extremely injured.

**Plaintiff's Original Lawsuit**

On July 22, 2015, Plaintiff sued Defendants because immediately after the Defendants created a dangerous condition on I-59, Plaintiff vehicle was caused to collide and cause injuries to Plaintiff.

### B. Intervenor Plaintiff

Immediately after Defendants created a dangerous condition on I-59, a vehicle traveling north on I-59 applied its brakes to try and avoid Defendants' Trailer 2 and its wind turbine. But the vehicle could not stop in time and collided with Defendants Trailer 2. The vehicle was driven by Cross-Plaintiff Efrain Gomez and occupied by passenger Plaintiff Immel Bladimir Rivera. As a result of the collision, Intervenor Plaintiff suffered severe injuries and damages.

## VI.
### CAUSES OF ACTION

The preceding paragraphs are incorporated herein by reference.

### A. Condition Precedent

All conditions precedent have been performed or occurred.

### B. Negligence & Negligence Per Se

The injuries Intervenor Plaintiff sustained in the above-described collision were proximately caused by the negligence and negligence per se of Defendants in failing to enact, and/or enforce appropriate safety rules, regulations, and/or practices that would have prevented the collision and damages. More specifically but without limitation, Defendants' negligence and negligence per se acts and omissions include but are not limited to the following:

    a. Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.70 & 393.71 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

b. Failing to inspect and ensure that wind turbine load was secure in violating the Federal Motor Carrier Regulations 49 CFR §§ 392.9 and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

c. Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.100, 393.102, 393.104, 393.106, 393.108, 393.110, and 393.130  – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

d. Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation Safety);

e. Failing to have safety chains strong enough maintain the connection between the trailers (Tex. Transp. Code §545.410(b));

f. Driving a vehicle in willful or wanton disregard for the safety of the public including Intervenor Plaintiff (Tex. Transp. Code §545.401(a));

g. Owns the tractor and trailer or employee or otherwise directed the operator of a vehicle commits an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates law (Tex. Transp. Code §545.302).

h. Operating at a speed greater than is reasonable and prudent under the circumstances (Tex. Transp. Code §545.351);

i. Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person (Tex. Transp. Code §547.004(a)(1))

j. Operating or permitting somebody to operate a vehicle that is not equipped in a manner that complies with the vehicle equipment standard requirements (Tex. Transp. Code §547.004(a)(2) & (a)(30)

k. Failing to properly secure the load on trailer;

l. Failing to properly connect Trailer 2 to Trailer 1;

m. Creating a dangerous condition; and

n. Failure to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and

Each of the above-listed acts and/or omissions, singularly and in combination with others, constitutes negligence and gross negligence that proximately caused Intervenor Plaintiff' injuries and damages.

**C. Respondeat Superior**

At the time of the collision in questions, Defendant Michael Davis, was working in the course and scope of its employment with Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc.   Therefore, Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. is legally responsible for the negligence of Defendant Edward Michael Davis under *respondeat superior*.

**D. Negligent Entrustment**

Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. negligently entrusted its vehicle to Defendant Michael Davis. Defendant Davis was incompetent and/or a reckless driver.  Defendants Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. knew or should have known that Defendant Davis, was incompetent and/or a reckless driver before they let him drive its tractor/trailer.  Defendants Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc.  knew or should have known that Defendant Davis was incompetent and/or a reckless driver after it let Defendant Davis drive its tractor and Trailer1 and Trailer 2 but before the collision of November 24, 2014. Defendant Davis was negligent, as described above,  at the time of the collision.   Defendant Davis negligence singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Cross Plaintiff which form a basis of this action.

**E. Negligence of Employers**

At the time of the collision, Defendants Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc.  was a motor carrier as defined by the Federal Motor Carrier Regulations, Title 49, Code of Federal Regulations and/or the Texas Department of Motor

Vehicles Motor Carrier Division.  Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc.  owed a statutory and common-law to Plaintiff to have its Tractor, Trailer 1 and Trailer 2 properly inspected, repaired and a maintained.  Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc.  owed a statutory and common-law to Plaintiff to have its driver's properly trained and in compliance with all applicable laws and regulations.  Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. breached these duties constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Plaintiff which form a basis of this action.

### F. Intervenor Plaintiff Entitled to Recovery

The Intervenor Plaintiff has a justiciable interest in this lawsuit and are entitled to some recovery.

### G. Common Questions of Law & Fact

The Plaintiff and Intervenor Plaintiff have common questions of law or fact in their pursuit of claims against Defendants for the injuries they sustained when Defendants Trailer 2 became dislodged from Defendants' Trailer 1 and created a dangerous condition for all north bound traffic on North I-59. Most notably are:

How did how did Defendants' Tractor 2 become dislodged?

Who was responsible for connecting Trailer 2 to Trailer 1?

What duty and responsibility did Defendants have in securing Trailer 2?

Did Defendants breach their duties?

How did Defendants breach their duties?

Was Defendants breach of duty a proximate cause of the collision?

Did Defendants violate any state and/or federal regulations?

Did Defendants' conduct when viewed objectively from the Defendants' standpoint involve an extreme degree of risk?

Did Defendants have actual subjective awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety or welfare of others?

## VII.
### DAMAGES

As a result of the unnecessary occurrence, Intervenor Plaintiff claim all damages recognizable by law, including but not limited to past and future:

a.   Physical pain;

b.   Mental anguish;

c.   Medical Expenses;

d.   Loss of earning capacity;

e.   Loss of affection;

f.   Loss of consortium;

g.   Guidance;

h.   Counseling;

i.   Physical impairment;

j.   Loss of enjoyment of life;

k.   Loss of income;

     Pre-judgment interest at the maximum legal rate;

m.   Post-judgment interest at the maximum legal rate;

n.   Court costs; and

o.   All other forms of damages available to Plaintiff.

Further, Intervenor Plaintiff damages exceed the minimum jurisdictional limits of the Court.

## VIII.
### REQUEST FOR JURY TRIAL

Intervenor Plaintiff hereby asserts his right under the United States and Texas Constitution and demand a trial by jury.  Plaintiff herein has tendered the appropriate fee with this Original Petition in Intervention.

## IX.
### RIGHT TO AMEND

These allegations against Defendant are made acknowledging that this lawsuit is still in investigation and discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding and/or dismissing parties to the case.  The right to do so, under Texas law, is expressly reserved.

## X.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Intervenor Plaintiff requests each Defendants to disclose, if not already served, the information or material described in Rule 194.2(a) through 194.2(l) within thirty (30) days of the service of this petition and request under Rule 21 and 21a or fifty (50) days if being served by original citation.

## XIII.
### PRAYER

Intervenor Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, and that upon final trial, Plaintiff have a judgment entered against Defendants for the damages plead and for such other and further relief to which Plaintiff may be justly entitled in law or in equity.

Respectfully submitted,

HECTOR G. LONGORIA
Texas State Bar No. 00794185
Email: hlongoria@heardrobins.com
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Telephone:     (713) 650-1200
Facsimile:     (713) 650-1400

*Attorney for Intervenor Plaintiff,*
*Immel Bladimir Rivera*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered in accordance with Rule 21 and 21a of the Texas Rules of Civil Procedure to the counsel of record listed below by electronic delivery via eFiling for Courts eService, email, certified mail/return receipt requested and/or facsimile on this 30th day of December, 2015:

James Eloi Doyle
**DOYLE, RESTREPO HARVIN & ROBBINS, L.L.P.**
State Bar No. 06093500
jdoyle@drhrlaw.com
Reed W. Burritt
State Bar No. 24092201
rburritt@drhrlaw.com
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 228-5100
(713) 228-6138(facsimile)

Mark D. Manela
**MANELA LAW FIRM**
State Bar No. 12894500
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 240-4843

*Attorneys for Intervenor Plaintiff,*
*Dora Ruiz*

Nick Oweyssi
**THE OWEYSSI LAW FIRM**
State Bar No. 04019100
800 Commerce Street
Houston, Texas 77002

Fernando R. Arias
State Bar No. 24025946
Lisa Yeager
State Bar No. 24063201
Fletcher, Farley, Shipman & Salinas, LLP.
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231

*Attorneys for Deven Tesean Bowe*
*Suppershuttle Houston LLC*

Eric R. Benton
**LORANCE & THOMPSON, P.C.**
2900 North Loop West Suite 500
Houston, Texas 77092
*Attorneys for Defendants*
*Combined Transport, Inc. and*
*Michael Davis*

Hector G. Longoria