1/12/2016 2:14:32 PM
Chris Daniel - District Clerk Harris County
Envelope No. 8574175
By: Shanelle Taylor
Filed: 1/12/2016 2:14:32 PM

CAUSE NO. 2015-42296

| | | |
|---|---|---|
| DEVEN TESEAN BOWE<br>*Plaintiff,* | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| IMMEL BLADIMIR RIVERA,<br>*Intervenor Plaintiff,* | § § § § | |
| EFRAIN GOMEZ<br>*Cross Plaintiff* | § § § | |
| v. | § § | |
| COMBINED TRANSPORT, INC., and<br>MICHAEL EUGENE DAVIS,<br>*Defendants/Cross-Defendants.* | § § § § | HARRIS COUNTY, TEXAS |
| & | § | |
| DORA RUIZ,<br>*Intervenor Plaintiff,* | § § § | |
| v. | § § | |
| COMBINED TRANSPORT, INC.,<br>MICHAEL DAVIS, SUPERSHUTTLE<br>HOUSTON, LLC, DEVEN TESEAN<br>BOWE, NORA ESTRADA, EFRAIN<br>GOMEZ, AND COMBINED<br>TRANSPORT LOGISTICS GROUP, INC.<br>*Defendants.* | § § § § § § § § § | 133RD JUDICIAL DISTRICT |

## **PLAINTIFF DEVEN TESEAN BOWE'S SECOND AMENDED ORIGINAL PETITION**

### DISCOVERY

1. Plaintiff intends to conduct discovery under Level 3.

### PARTIES

2. PLAINTIFF/CROSS-DEFENDANT: Deven Tesean Bowe is an individual who resides in Harris County, Texas.

EXHIBIT
**18**

3. INTERVENOR PLAINTIFF: Immel Rivera is a resident of Harris County.

4. INTERVENOR PLAINTIFF: Dora Ruiz is a resident of Harris County.

5. DEFENDANT/CROSS-PLAINTIFF: Efrain Gomez resides in Harris County, Texas.

6. DEFENDANT: Michael Eugene Davis is an individual who resides in Baker County, Oregon and has made an appearance. through his attorney, Eric R. Benton, Lorance & Thompson, P.C., 2900 N. Loop West, Suite 500, Houston, Texas 77092

7. DEFENDANT: Combined Transport, Inc. is a for-profit corporation doing business in Harris County, Texas and has already made an appearance in this case through its attorney, Eric R. Benton, Lorance & Thompson, P.C., 2900 N. Loop West, Suite 500, Houston, Texas 77092.

8. DEFENDANT: Supershuttle Houston, LLC is a named Defendant that has appeared through its attorney Fernando P. Arias and Lisa Yeager, Fletcher, Farley, Shipman & Salinas, 9201 N. Central Expressway, Suite 600, Dallas, Texas 75231.

9. DEFENDANT: Combined Transport Logistics Group, Inc. is a foreign corporation doing business in Texas and may be served by serving its registered agent for service of process, President, Michael Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502 or wherever its registered agent may be found.

## RELIEF SOUGHT

10. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## JURISDICTION

11. Damages sought are within the jurisdictional limits of this Court.

## VENUE

12. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred there.

## FACTS

13. This is a suit for bodily injuries sustained as a result of a motor vehicle collision. On or about November 24, 2014, Plaintiff, Deven Tesean Bowe ("Plaintiff"), was driving a 2010 Ford E-Series northbound in the far left lane on 4900 Eastex Freeway in Houston, Harris County, Texas. Defendant Combined Transport, Inc. and/or Defendant Combined Transport Logistics Group, Inc. employed Defendant Michael Eugene Davis (collectively, "Defendants"), to drive a tractor with two trailers to haul a wind turbine. Defendant Michael Eugene Davis was driving a 2015 Peterbilt semi-trailer truck, which was towing the oversized load consisting of two 2008 Aspen Metal Pod and Fabric trailers and the wind

turbine. Davis was northbound in the two right lanes on 4900 Eastex Freeway, when he failed to secure his load and/or struck a concrete barrier, causing the rear trailer to swing free, which initiated a collision involving at least four vehicles. Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. owned the vehicle being operated by Michael Eugene Davis, who was acting in the course and scope of his employment as an employee of Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. As a result of the collision, Deven Tesean Bowe sustained bodily injuries for which he received medical treatment.

14. All of the above allegations are incorporated below for all purposes.

### CAUSE OF ACTION FOR NEGLIGENCE

15. Defendant Michael Eugene Davis had common-law and statutory duties to use ordinary care in the operation of his vehicle. He negligently breached those duties and that negligence proximately caused Plaintiff's injuries and damages. Specifically, Defendant Michael Eugene Davis was negligent in the following particulars:

    a. failing to keep a proper lookout;

    b. failing to control the speed of his vehicle;

    c. failing to secure his load;

    d. failing to properly connect Trailer 2 to Trailer 1;

    e. creating a dangerous condition; and

    f. in all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

### CAUSE OF ACTION FOR NEGLIGENCE PER SE

16. Defendant Michael Eugene Davis' negligence described above violated 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1), which provides that an operator of a commercial motor vehicle has a duty to inspect and ensure that the commercial motor vehicle's load is secured.

17. 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) is designed to protect a class of persons to which Plaintiff Deven Tesean Bowe belongs against the type of injury he suffered;

18. 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) creates a statutory duty that imposes tort liability;

3

19. Defendants violation of 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) was without a legal excuse;

20. Defendants breach of the duty imposed by 49 C.F.R. §392.9 as adopted by Tex. Admin. Code §4.11(a)(1) proximately caused injury to Plaintiff Deven Tesean Bowe;

21. Violating the Federal Motor Carrier Regulations 49 CFR §393.70 & 393.71 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code §4.11 (a)(1);

22. Violating the Federal Motor Carrier Regulations 49 CFR §393.100, 393.102, 393.104, 393.106, 393.108, 393.110, and 393.130 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code §4.11 (a)(1);

23. Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation Safety);

24. Failing to have safety chains strong enough maintain the connection between the trailers (Tex. Transp. Code §545.410(b));

25. Driving a vehicle in willful or wanton disregard for the safety of the public including Cross-Plaintiff (Tex. Transp. Code §545.401(a));

26. Owns the tractor and trailer or employed or otherwise directed the operator of a vehicle commits an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates law (Tex. Transp. Code §545.302);

27. Operating at a speed greater than is reasonable and prudent under the circumstances (Tex. Transp. Code §545.351);

28. Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person (Tex. Transp. Code §547.004(a)(1));

29. Operating or permitting somebody to operate a vehicle that is not equipped in a manner that complies with the vehicle equipment standard requirements (Tex. Transp. Code §547.004(a)(2) & (a)(30);

30. Each of the above-listed acts and/or omissions, singularly and in combination with others, constitutes negligence and gross negligence that proximately caused Plaintiff Deven Bowe's injuries and damages.

### NEGLIGENT ENTRUSTMENT

31. Defendant Michael Eugene Davis was the operator of a motor vehicle owned by Defendant Combined Transport Inc. and/or Combined Transport Logistics Group, Inc. Prior to the collision in question, Combined Transport Inc. and/or Combined Transport Logistics Group, Inc. lent the vehicle to Michael Eugene Davis for the purpose of operating it on the public

4

roads of Texas and Michael Eugene Davis was operating the vehicle with the knowledge and consent of Combined Transport Inc. and/or Combined Transport Logistics Group, Inc. At such time, Michael Eugene Davis was not competent and was in fact unfit to safely operate a motor vehicle on the public roads due to his history of traffic violations including, driving a vehicle in unsafe conditions, operating a vehicle in unsafe conditions or with improper equipment, driving under the influence, speeding violations, permitting an unauthorized operator to drive, and driving without a valid driver's license. Combined Transport Inc. and/or Combined Transport Logistics Group, Inc. knew, or under the exercise of reasonable care should have known, that Michael Eugene Davis was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public roads in this state because of his history of traffic violations. Defendant Michael Eugene Davis was negligent, as described above, at the time of the collision. Defendant Michael Eugene Davis' negligence singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Plaintiff Deven Bowe which form a basis of this action.

### NEGLIGENCE OF EMPLOYERS

32. Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. is directly liable for its negligent hiring, training, supervising, and retention of Defendant Davis.

33. At the time of the collision, Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc. was a motor carrier as defined by the Federal Motor Carrier Regulations, Title 49, Code of Federal Regulations and/or the Texas Department of Motor Vehicles Motor Carrier Division. Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. owed a statutory and common-law to Plaintiff Deven Bowe to have its Tractor, Trailer 1 and Trailer 2 properly inspected, repaired and a maintained. Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. owed a statutory and common-law to Deven Bowe to have its drivers properly trained and in compliance with all applicable laws and regulations.

34. The evidence will show that Plaintiff's resulting injuries were proximately caused by the gross negligence of Defendant Combined Transport, Inc. and/or Combined Transport Logistics Group, Inc., in one or more of the following acts of negligence:

   a. Failure to exercise ordinary care in hiring Defendant Davis when it knew or should have known that Defendant Davis' driving background posed an unreasonable risk of harm to others;

   b. Failure to properly train Defendant Davis when it hired him;

   c. Failure to prevent Defendant Davis from causing an unreasonable risk of harm others;

   d. Failure to use ordinary care in supervising Defendant Davis;

e. Failure to exercise ordinary care in retaining Defendant Davis as an employee driver when it knew or should have known that Defendant Davis' background posed an unreasonable risk of harm to others.

35. Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. breach of these duties constituted negligence, gross negligence, carelessness, recklessness, and/or malice, which were a proximate cause of the injuries and damages to Plaintiff which form a basis of this action.

## RESPONDEAT SUPERIOR

36. At the time of the collision described above, Defendant Michael Eugene Davis was the agent, servant, or employee of Defendant Combined Transport Inc. and was acting within the course and scope of his authority as such agent, servant or employee.

## DAMAGES

37. Because of Plaintiff Deven Tesean Bowe's bodily injuries proximately caused by Defendants' negligence, Plaintiff Deven Tesean Bowe is entitled to reasonable and proper compensation for the following legal damages:

    a. past and future medical expenses;

    b. past and future physical pain and mental anguish;

    c. past and future physical impairment;

    d. past and future disfigurement;

    e. past lost wages and future lost wage-earning capacity; and

    f. exemplary damages.

## EXEMPLARY DAMAGES

38. Plaintiff seeks exemplary damages from Defendants Combined Transport, Inc., and/or Combined Transport Logistics Group, Inc. because they are responsible for Defendant Michael Eugene Davis' acts. Plaintiff's injury resulted from Defendants' gross negligence. Defendants' conduct as described above constituted gross negligence, in that Defendants' acts: (1) when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. As a result, Plaintiff seeks exemplary damages in this action under Texas Civil Practice & Remedies Code section 41.001.

6

SELF-AUTHENTICATION NOTICE

39. Pursuant to Tex. R. Civ. P. 193.7, you are hereby given notice that any and all documents produced in response to written discovery requests may be used against you in any pretrial proceeding or at trial. As such, you have ten (10) days from the date of producing said documents to object to the authenticity of all or part of a document, otherwise the documents are considered self-authenticated for admissibility purposes under Tex. R. Evid. 901(a).

PRAYER

40. Plaintiff prays for judgment against Defendants for damages, court costs, with prejudgment and post-judgment interest at the highest rate allowable by law, and for all other relief to which Plaintiff is entitled.

Respectfully submitted,

*[signature]*

Nick Oweyssi
Texas Bar No. 24072875
THE OWEYSSI LAW FIRM, PLLC
3200 Southwest Freeway, Suite 2350
Houston, Texas 77027
T: (713) 225-2222
F: (713) 766-6911
E: nick@oweyssilaw.com

*Attorney for Plaintiff,*
*Deven Tesean Bowe*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this discovery request was served upon all counsel of record in accordance with Tex. R. Civ. P. 21 and 21a.

*[signature]*

Nick Oweyssi