2/25/2016 9:56:49 AM
Chris Daniel - District Clerk Harris County
Envelope No. 9292722
By: Shanelle Taylor
Filed: 2/25/2016 9:56:49 AM

### CAUSE NO. 2015-42296

| | | |
|---|---|---|
| **DEVEN TESEAN BOWE,**<br>  *Plaintiff,* | § § § | **IN THE DISTRICT COURT OF** |
| **IMMELL BLADIMIR RIVERA,**<br>  *Intervenor Plaintiff,* | § § § § | |
| **EFRAIN GOMEZ**<br>  *Cross Plaintiff,*<br>**v.** | § § § § § | |
| **COMBINED TRANSPORT, INC. AND**<br>**MICHAEL EUGINE DAVIS,**<br>  *Defendants/Cross-Defendants.* | § § § § | **HARRIS COUNTY, TEXAS** |
| **&** | § § | |
| **DORA RUIZ,**<br>  *Intervenor Plaintiff,* | § § § § | |
| **v.** | § § | |
| **COMBINED TRANSPORT, INC.,**<br>**COMBINED TRANSPORT**<br>**LOGISTICS GROUP, INC.,**<br>**MICHAEL DAVIS, SUPERSHUTTLE**<br>**HOUSTON, LLC, DEVEN TESEAN**<br>**BOWE, NORA ESTRADA, AND**<br>**EFRAIN GOMEZ,**<br>  *Defendants.* | § § § § § § § § § | **133rd  JUDICIAL DISTRICT** |

### AMENDED PETITION IN INTERVENTION
### OF DORA RUIZ

**TO THE HONORABLE COURT:**

Intervenor, Dora Ruiz ("Ruiz") files this Amended Petition in Intervention as a

plaintiff against, Combined Transport, Inc. ("Combined Transport"), Combined Transport

Logistics Group, Inc. ("Combined Logistics"), SuperShuttle Houston LLC ("SuperShuttle"),

Unofficial Copy Office of Chris Daniel District Clerk

**EXHIBIT**
**19**

Deven Tesean Bowe ("Bowe"), Michael Eugene Davis ("Davis"), Nora Estrada ("Estrada"), and Efrain Gomez ("Gomez"), and, for cause of action, would show the Court as follows:

<u>PARTIES</u>

1.  Dora Ruiz is an individual residing in Fort Bend County, Texas.

2.  Combined Transport, Inc. is a foreign corporation doing business in Texas and has already appeared in this case.

3.  Combined Transport Logistics Group, Inc. is a foreign corporation doing business in Texas and may be served by serving its registered agent for service of process, Michael Card, at 5656 Crater Lake Avenue, Central Point, Oregon 97502 or wherever the registered agent may be found.

4.  SuperShuttle Houston LLC is a domestic limited liability and has already appeared in this case.

5.  Michael Eugene Davis is a non-resident individual and has already appeared in this case.

6.  Deven Tesean Bowe is an individual residing in Harris County, Texas.

7.  Nora Estrada is an individual residing in Harris County, Texas.

8.  Efrain Gomez is an individual residing in Harris County, Texas.

9.  Imuel Rivera is a resident of Harris County, Texas.

<u>JURISDICTION AND VENUE</u>

10.  Ruiz brings this negligence action against Defendants for the severe injuries she suffered in an automobile collision caused by Defendants in Houston, Harris County, Texas.  Ruiz seeks monetary relief of over $1,000,000 and all other relief to which she is entitled.  Venue is proper in Harris County under TEXAS CIVIL PRACTICE AND REMEDIES

CODE § 15.002(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas. The subject matter, damages, and relief sought are within the jurisdictional limits of this Court.

DISCOVERY CONTROL PLAN

11.     Ruiz intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.

RIGHT TO INTERVENE

12.     Ruiz has the right to intervene in this action because she could have originally brought the action and been entitled to recover in her own name.   *See* Tex. R. Civ. P. 60; *see also Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Ruiz's claims arise out of the same multi-automobile accident from which Bowe's claims arise.

FACTS

13.     On November 24, 2014, at approximately 1:00 PM, a Combined Transport and/or Combined Logistics freighter negligently lost control of the massive wind turbine it was pulling along Highway 59 near downtown Houston in Harris County, Texas. The truck was being driven by Davis, an employee of Combined Transport and/or Combined Logistics. The turbine created an obstruction in the highway in front of the vehicles being driven by Ruiz, Estrada, Bowe, and Gomez. Due to the negligence of Combined Transport, Combined Logistics, and Davis, and their own negligence, Estrada, Bowe, and Gomez crashed into Ruiz. The severity of the crash caused Ruiz's skull to whiplash with such force she was knocked unconscious. As a result of Defendants' negligence, Ruiz sustained a traumatic

brain injury and other injuries to her body, the symptoms of which continue to limit her quality of life and ability to work.

14.     At all times material, Davis was acting within the course and scope of his employment with Combined Transport and/or Combined Logistics.  The operation of motor vehicles to transport property was within the scope of Davis' employment.  Davis' actions are therefore attributable to Combined Transport and/or Combined Logistics under *respondeat superior*.

15.     On information and belief, at all times material, Bowe was acting within the course and scope of his employment with SuperShuttle.  The vehicle driven by Bowe was owned by SuperShuttle.  The operation of motor vehicles to transport passengers was within the scope of Bowe's employment.  Bowe's actions are therefore attributable to SuperShuttle under *respondeat superior*.

**CLAIMS**

16.     Ruiz hereby incorporates the preceding paragraphs of this Amended Petition in Intervention as if set forth fully below.

17.     Combined Transport and Combined Logistics owed Ruiz a duty to exercise reasonable care to avoid harm to others.  Combined Transport and Combined Logistics owed Ruiz a duty to properly secure the loads their trucks transport.  Combined Transport and Combined Logistics owed Ruiz a duty to have reasonable safety procedures in place. Combined Transport and Combined Logistics owed Ruiz a duty to exercise reasonable care by ensuring the people who they entrust and authorize to use their equipment and property be safe, prudent and careful operators of the equipment and property.  Combined Transport and Combined Logistics owed Ruiz a duty to use due care in controlling the actions of their

4

employees and supervising them properly. Combined Transport and Combined Logistics owed Ruiz a duty not to hire unlicensed, reckless, or incompetent employees.

18.     Combined Transport and Combined Logistics breached their duties owed to Ruiz. Combined Transport and Combined Logistics failed to use ordinary and reasonable care in securing the cargo being transported by their truck. Combined Transport and Combined Logistics breached their duties in failing to have proper safety procedures in place. Combined Transport and Combined Logistics were negligent in failing to exercise control over Michael Davis and supervise him properly as a reasonably prudent employer would in the same or similar circumstances. Combined Transport and Combined Logistics were negligent in entrusting the vehicle to Davis. Furthermore, Combined Transport and Combined Logistics are negligent *per se* for its violation of Texas Transportation Code §§ 725.021, 547.004, 547.352, 542.302, 545.351, and 49 C.F.R. § 392.9 as adopted by TEX. ADMIN. CODE § 4.11(a)(1). Ruiz belongs to the class of persons the statutes are designed to protect and their violation proximately caused Ruiz's injuries. The injuries and damages set forth in this Petition were proximately caused by Defendants' aforementioned acts or omissions and were foreseeable results of such acts or omissions.

19.     Combined Transport and/or Combined Logistics are also vicariously liable for the negligence of Davis. Combined Transport and/or Combined Logistics are the actual, statutory, apparent, or constructive employer of Davis. Combined Transport and/or Combined Logistics owned the truck that Davis operated negligently. At all times material hereto, Davis was acting in the course and scope of his employment with Combined Transport and/or Combined Logistics.

20.     Davis owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances.  Davis had a duty to avoid creating foreseeable risks to others.  Davis owed Ruiz a duty to properly secure the loads that he transported, to check that the load stayed secured on his trip, and to drive in a way that does not cause the cargo to come free.

21.     Davis breached his duties because he did not conduct himself as a prudent person would under the same or similar circumstances.  Davis breached his duty by failing to properly secure the load he was transporting and by failing to operate his vehicle in a safe and prudent manner.  Furthermore, Davis was negligent *per se* for his violation of Texas Transportation Code §§ 725.021, 547.004, 547.302, 545.351, and 49 C.F.R. § 392.9 as adopted by TEX. ADMIN. CODE § 4.11(a)(1).  Ruiz belongs to the class of persons the statutes are designed to protect and their violation proximately caused Ruiz's injuries.  The injuries and damages set forth in this Petition were proximately caused by Defendants' aforementioned acts or omissions and were foreseeable results of such acts or omissions.

22.     Estrada owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances.  Estrada owed Ruiz a duty to keep a proper lookout.  Estrada breached her duties owed to Ruiz by not operating the vehicle she was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout.  Ruiz's injuries were proximately caused by Estrada's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

23.     Bowe owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances.  Bowe owed Ruiz a duty to keep a proper lookout.  Bowe breached his duty of care owed to Ruiz by not operating the vehicle he was

6

driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout. Ruiz's injuries were proximately caused by Bowe's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

24. SuperShuttle is vicariously liable for the negligence of Bowe. SuperShuttle is the actual, statutory, apparent, or constructive employer of Bowe. SuperShuttle owned the van that Bowe operated negligently. At all times material hereto, Bowe was acting in the course and scope of his employment with SuperShuttle.

25. Gomez owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances. Gomez owed Ruiz a duty to keep a proper lookout. Gomez breached his duty of care owed to Ruiz by not operating the vehicle he was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout. Ruiz's injuries were proximately caused by Gomez's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

26. Defendants were grossly negligent and acted with malice, as those terms are understood under Texas law, and such conduct was a proximate cause of Ruiz's injuries and damages. Defendants' malicious and grossly negligent conduct justifies the imposition of punitive and exemplary damages both as punishment to Defendants for their callous disregard and as a deterrent to others from engaging in similar conduct. Ruiz therefore asks for and is entitled to punitive and exemplary damages in addition to all actual damages.

### DAMAGES

**A.    Actual Damages**

27. Ruiz incorporates the preceding paragraphs of this Amended Petition in Intervention as if set forth fully below.

7

28.     As a direct and proximate result of Defendants' negligence, Ruiz suffered traumatic brain injuries and severe injuries to her shoulder and other parts of her body.  Ruiz has suffered personal injuries and seeks monetary damages to compensate them for the following elements of damages:

(a)     Reasonable and necessary medical care and expenses in the past;

(b)     Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;

(c)     Physical pain and suffering in the past;

(d)     Physical pain and suffering that will, in reasonable probability, be incurred in the future;

(e)     Physical impairment in the past;

(f)     Physical impairment that will, in reasonable probability, be suffered in the future;

(g)     Mental anguish in the past;

(h)     Mental anguish that will, in reasonable probability, be suffered in the future;

(i)     Loss of earning capacity in the past;

(j)     Loss of earning capacity that will, in reasonable probability, be suffered in the future; and

(k)     Loss of wages.

**B.     Exemplary Damages**

29.     Ruiz incorporates the preceding paragraphs of this Amended Petition in Intervention as set forth fully below.

30.     Exemplary damages should be assessed against Defendants because they are guilty of gross negligence or malice.  Such damages will serve as a deterrent to such future

8

bad conduct and as a punishment for their bad acts in an amount to be determined by the jury.

**JURY DEMAND**

31.     Ruiz demands a jury trial and has previously tendered the appropriate fee.

**CONDITIONS PRECEDENT**

32.     All conditions precedent for the above claims have occurred or been performed.

**REQUEST FOR DISCLOSURES**

33.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Combined Logistics disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

**PRAYER**

WHEREFORE, Intervenor Dora Ruiz prays that the parties take notice of the amended petition in intervention and that, upon final trial, Ruiz receive judgment against Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., SuperShuttle LLC, Deven Jesean Bowe, Michael Eugene Davis, Nora Estrada, and Efrain Gomez for actual damages suffered by Ruiz, exemplary damages, plus pre- and post-judgment interest at the highest rate allowed by law, all costs of court, and all such other and further relief at law and in equity, to which she may be justly entitled.

9

Respectfully submitted by,

**DOYLE RESTREPO HARVIN & ROBBINS, L.L.P.**

By: /s/ James Eloi Doyle
     James Eloi Doyle
     State Bar No. 06093500
     jdoyle@drhrlaw.com
     Reed W. Burritt
     State Bar No. 24092291
     rburritt@drhrlaw.com

440 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

Mark D. Manela
State Bar No. 12894500
MANELA LAW FIRM
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 240-4843 (telephone)

**ATTORNEYS FOR DORA RUIZ**

10

## CERTIFICATE OF SERVICE

I certify that on February 25, 2016, a true and correct copy of this document was served on all known counsel of record by facsimile and/or electronic service, or other means in accordance with the Texas Rules of Civil Procedure:

Nick Oweyssi
3200 Southwest Freeway, Suite 2350
Houston, Texas 77027
Fax: (713) 766-6911

Hector G. Longoria
HEARD ROBINS CLOUD & LUBEL, LLP
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Fax: (713) 650-1400

Eric R. Benton
LORANCE & THOMPSON, P.C.
2900 North Loop West, Suite 500
Houston, Texas 77092
Fax: (713) 864-4671

Fernando P. Arias
Lisa M. Yerger
FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
Fax: (214) 987-9866

Austin L. Van Steen
1235 North Loop West, Suite 920
Houston, Texas 77008
Fax: (713) 481-6236

/s/ Reed W. Burritt
Reed W. Burritt

Unofficial Copy Office of Chris Daniel District Clerk