5/16/2016 5:26:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10659945
By: Shanelle Taylor
Filed: 5/16/2016 5:26:00 PM

## CAUSE NO. 2015-42296

| | | |
|---|---|---|
| **DEVEN TESEAN BOWE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **DORA RUIZ & IMMELL BLADIMIR** | § | |
| **RIVERA,** | § | |
| *Intervenor Plaintiff,* | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **COMBINED TRANSPORT, INC. and** | § | |
| **MICHAEL DAVIS** | § | |
| *Defendants.* | § | **133rd JUDICIAL DISTRICT** |

### INTERVENOR PLAINTIFF KAREN CONSTANZA TORRES'
### PETITION IN INTERVENTION

Intervenor Plaintiff Karen Constanza Torres files his Petition in Intervention as a party-plaintiff against Defendants Combined Transport, Inc., Michael Davis, and Combined Transport Logistics Group, Inc. and Cardmoore Trucking, Limited Partnership and Request for Disclosures.

### I.
### NATURE OF THE LITIGATION

On November 24, 2014, Defendants' negligence caused their trailer to come lose on the Northwest Freeway and crashed into a vehicle occupied by Intervenor Plaintiff Immel Bladimir Rivera and caused him injuries. Intervenor Plaintiff Karen Constanza Torres is married to Intervenor Plaintiff Immel Bladimir Rivera.

### II.
### DISCOVERY CONTROL PLAN & RULES COMPLIANCE

Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Level 2 shall control the discovery of this case until the Court issues a discovery control plan under rule 190.4. Plaintiff contends that the jury is the sole decision maker on the amount of damages suffered by Plaintiff, but as required by Texas Rules of Civil Procedure 47, Intervenor Plaintiff seeks monetary relief

EXHIBIT
**28**

of greater than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. In compliance with §30.014 of the Texas Civil Practice & Remedies Code, Intervenor Plaintiff Karen Constanza Torres last three digits for her issued Social Security numbers and  Texas Driver's license numbers are 253 and 485 respectively.

### III.
### PARTIES

Plaintiff Deven Tesean Bowe is a resident of Harris County.

Intervenor Plaintiff Immel Rivera is a resident of Harris County.

Intervenor Plaintiff Dora Ruiz is a resident of Harris County.

Defendant/Cross-Plaintiff Efrain Gomez resides in Harris County, Texas.

Intervenor Plaintiff Karen Constanza Torres is a resident of Harris County, Texas.

Defendant/Cross Plaintiff Nora Estrada is a resident of Harris County, Texas

Defendant/Cross-Defendant Combined Transport, Inc. and has appeared through its attorney of record Eric Benton Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Defendant/Cross-Defendant Michael Davis is a non-resident of Texas, and has appeared through its attorney Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Defendant Supershuttle Houston, LLC is a named Defendant that has appeared through its attorney Fernando P. Arias and Lisa Yeager, Fletcher, Farley, Shipman & Salinas, 9201 N. Central Expressway, Suite 600, Dallas, Texas 75231.

Defendant/Cross-Defendant Combined Transport Logistics Group, Inc. and has appeared through its attorney of record Eric Benton Eric R. Benton, Lorance & Thompson P.C., 2900 North Loop West, Suite 500, Houston, Texas 77092.

Defendant/Cross-Defendant Cardmoore Trucking, Limited Partnership is a foreign corporation doing business in Texas and may be served by serving its registered agent for service of process, and President, Michael Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502 or wherever the registered agent may be found.

## IV.
### VENUE & JURISDICTION

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(a)(1) because it's the county in which all or substantial part of the events or omission giving rise to the claim occurred.

Venue is proper in Harris County, Texas pursuant to CPRC §15.002(a)(2) because it's the county in which some named Defendant's residence at the time the cause of action accrued.

Jurisdiction is proper in this Court because the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

## V.
### FACTS OF COLLISION & LAWSUIT

**A.  Common Facts of Collision**

On January 8, 2014, Defendant Combined Transport, Inc. entered into a contract with Acciona Windpower North America LLC to haul tower section from the Houston Ship Channel to Seymour, Texas.  The tower section sections are  88 feet long and 14.5 feet tall and weigh 105,601 pounds.  Defendant Combined Transport, Inc. wanted to use a double—Schnabel trailer to haul the tower because it eliminated the need for a crane to load and unload the tower.  The Schnabel trailers were manufactured by Aspen Custom Trailers.



However, hauling the top tower section created a unique hauling situation for Defendant Combined Transport, Inc. because the tower has an 11" flange versus typical towers that have 3" – 4" flange. So Defendant Combined Transport, Inc.'s operations team, along with its shop personnel, decided to extend the original manufactured dog ear tube by welding on an extra 10" to the dog ear tube – **modified dog ear tube**. Defendant Combined Transport, Inc. modified the original manufactured dog ear tube without Aspen approval or getting an engineer involved.

 

On November 24, 2014, Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Inc., employed Defendant Michael Davis to drive a tractor (VIN# 1XPWD40X79D778433, License YAFW20 – hereinafter "tractor") with two Schnabel trailers (VIN#2A90T45348N125165, License 039C095 – hereinafter "Schnabel Trailer 1"; VIN#2A9TD40488N125166, License HU42029 – hereinafter "Schnabel Trailer 2") to haul a tower section as agreed to in the contract with Acciona. Defendant Davis loaded a single tower on to the two Schnabel trailers in the port of Houston. Schnabel Trailer 2 utilized the modified dog ear tube to secure the back portion of the tower. Defendant Davis left the port of Houston and got on the East 610 Loop and headed north.

Traveling on 610, Defendant Davis then takes Exit 20A, a speed control curve that enters I-69 North towards Cleveland.   Defendant Davis tractor trailers is traveling at 55 mph.   As Defendant Davis is going through the curve, the Schnabel Trailer 2 swings uncontrollably left. The Schnabel Trailer 2 either strikes the concrete barrier which breaks the driver side modified dog ear tube or the force of turn breaks the modified dog ear tube and causes the Schnabel Trailer 2 to hit the concrete barrier.



In either case, the tower dislodges from Schnabel Trailer 2 then rolls across I-69 traffic. Schnabel Trailer 2 continues left cross all of the lanes of I-69 lanes of traffic.  Schnabel Trailer 2

collides with the front right of box truck tractor that is traveling down I-69.   The box truck tractor veers left.  The Schnabel Trailer 2 then collides with the concrete barrier that separate I-69 north traffic from south traffic and comes to rest.

The passenger of the box truck was Intervenor Plaintiff Immel Bladimir Rivera. Intervenor Plaintiff Immel Bladimir Rivera was extremely injured.  Intervenor Plaintiff Karen Constanza Torres is the wife of Intervenor Plaintiff Immel Bladimir Rivera.

**Plaintiff's Original Lawsuit**

On July 22, 2015, Plaintiff Deven Tesean Bowe sued Defendants because immediately after the Defendants created a dangerous condition on I-69, Plaintiff Deven Tesean Bowe's was caused to collide with other vehicles and cause injuries to Plaintiff Deven Tesean Bowe.

**B.  Intervenor Plaintiff**

Immediately after Defendants created a dangerous condition on I-69, a vehicle traveling north on I-69 applied its brakes to try and avoid Defendants' Schnabel Trailer 2 and the dislodged tower.  But the vehicle could not stop in time and collided with Defendants' Schnabel Trailer 2.  The vehicle was driven by Defendant/Cross-Plaintiff Efrain Gomez and occupied by passenger Intervenor Plaintiff Immel Bladimir Rivera.   As a result of the collision, Intervenor Plaintiff Immel Bladimir Rivera suffered severe injuries and damages.   Intervenor Plaintiff Karen Constanza Torres has suffered a serious and substantial loss of consortium and loss of household services for which she seeks just and lawful compensation.

## VI.
### CAUSES OF ACTION

The preceding paragraphs are incorporated herein by reference.

**A.  Condition Precedent**

All conditions precedent have been performed or occurred.

## B. Negligence & Negligence Per Se

The injuries Intervenor Plaintiff sustained in the above-described collision were proximately caused by the negligence and negligence per se of Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis in failing to enact, and/or enforce appropriate safety rules, regulations, and/or practices that would have prevented the collision and damages.  More specifically but without limitation, Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis' negligence and negligence per se acts and omissions include but are not limited to the following:

    a.  Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.70 & 393.71 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

    b.  Failing to inspect and ensure that power load was secure in violating the Federal Motor Carrier Regulations 49 CFR §§ 392.9 and as adopted by the Tex. Admin. Code § 4.11 (a)(1);

    c.  Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.100, 393.102, 393.104, 393.106, 393.108, 393.110, and 393.130 – Coupling devices and towing methods and as adopted by the Tex. Admin. Code § 4.11 (a)(1).

    d.  Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation  Safety);

    e.  Failing to have safety chains strong enough maintain the connection between the trailers  (Tex. Transp. Code §545.410(b));

    f.  Driving a vehicle in willful or wanton disregard for the safety of the public including Intervenor Plaintiff (Tex. Transp. Code §545.401(a));

    g.  Owns the tractor and trailer or employed or otherwise directed the operator of a vehicle commits an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates law (Tex. Transp. Code §545.302).

    h.  Operating at a speed greater than is reasonable and prudent under the circumstances (Tex. Transp. Code §545.351);

i.  Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person  (Tex. Transp. Code §547.004(a)(1))

j.  Operating or permitting somebody to operate a vehicle that is not equipped in a manner that complies with the vehicle equipment standard requirements (Tex. Transp. Code §547.004(a)(2) & (a)(30)

k.  Failing to properly secure the load on trailer;

l.  Failing to properly connect Schnabel Trailer 2 to Schnabel Trailer 1;

m.  Creating a dangerous condition; and

n.  Failure to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances; and

Each of the above-listed acts and/or omissions, singularly and in combination with others, constitutes negligence and gross negligence of Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis that proximately caused Plaintiff Immel Bladimir Rivera and Intervenor Plaintiff Karen Constanza Torres's injuries and damages.

### C.  Respondeat Superior

At the time of the collision in questions, Defendant Michael Davis, was working in the course and scope of its employment with Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership.  Therefore, Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership are legally responsible for the negligence of Defendant Edward Michael Davis under *respondeat superior*.

### D.  Negligent Entrustment

Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership  negligently entrusted its vehicle to Defendant Michael Davis.  Defendant Davis was incompetent and/or a reckless driver.  Defendants

Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership knew or should have known that Defendant Davis, was incompetent and/or a reckless driver before they let him drive its tractor/trailer.  Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership knew or should have known that Defendant Davis was incompetent and/or a reckless driver after it let Defendant Davis drive its tractor and Schnabel Trailer1 and Schnabel Trailer 2 but before the collision of November 26, 2014. Defendant Davis was negligent, as described above, at the time of the collision. Defendant Davis negligence singularly or in combination with others, constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Intervenor Plaintiff Immel Bladimir Rivera and Intervenor Plaintiff Karen Constanza Torres which form a basis of this action.

### E.  Negligence of Employers

At the time of the collision, Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership  was a motor carrier as defined by the Federal Motor Carrier Regulations, Title 49, Code of Federal Regulations and/or the Texas Department of Motor Vehicles Motor Carrier Division.   Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership  owed a statutory and common-law to Plaintiff to have its Tractor, Schnabel Trailer 1 and Schnabel Trailer 2 properly inspected, repaired and a maintained.  Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited Partnership owed a statutory and common-law to Plaintiff to have its driver's properly trained and in compliance with all applicable laws and regulations.  Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc. and/or Cardmoore Trucking, Limited

Partnership breached these duties constituted negligence, gross negligence, and/or malice, which were a proximate cause of the injuries and damages to Intervenor Plaintiff Immel Bladimir Rivera and Intervenor Plaintiff Karen Constanza Torres which form a basis of this action.

### F. Negligence - Combined Transport, Inc.

Defendant Combined Transport, Inc. is the designer, tester, inspector and manufacturers of the modified dog ear tube in question. Defendant Combined Transport, Inc. had a duty to use ordinary care in designing, manufacturing, testing and inspecting the modified dog ear tube in question.

Defendant Combined Transport, Inc. had a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the modified dog ear tube in question or the manner in which the modified dog ear tube were used.

Defendant Combined Transport, Inc. had a duty to use ordinary care including reasonable engineering standards to design the modified dog ear to avoid a foreseeable risk of injury caused by it use when hauling cargo on the highway and roads of Texas and the United States.

Defendant Combined Transport, Inc. had duty to use ordinary care to avoid a foreseeable risk of injury continued after the modified dog ear tube in question was placed on the Schnabel trailers, if it knew, or in the exercise of ordinary care should have known, of a foreseeable risk of injury caused by a condition of the modified dog ear tube when in use.

Defendant Combined Transport, Inc. had a duty to use ordinary care to inspect the modified dog ear tube for conditions which could expose people to risk of injury.

Defendant Combined Transport, Inc. had a duty to inspect the modified dog ear tube for conditions which could expose people to risk of injury when used on Schnabel trailers and when it had knowledge which would lead a reasonably prudent person to undertake an inspection.

Defendant Combined Transport, Inc. had a duty to repair or replace the modified dog ear tube before permitting them to be used on Schnabel Trailers with conditions which would expose all person that were driving on the same roads to risk of injury when they knew or should have known of the need for replacement or repair.

The duty of care increases with the severity of danger, thus Defendant Combined Transport, Inc. duty was especially high given the likelihood of serious injury from a failure of the modified dog ear tube during normal use.

Defendant Combined Transport, Inc. breached its duties of care, and, therefore, was negligent in at least the following particulars:

A.    Failing to have the modified dog ear tube designed by an engineered;

B.    Failing to have the modified dog ear tube properly tested before beign used;

C.    Failing to adequately inspect the modified dog ear tube;

D.    Failing to utilize and/or implement standards for the manufacture of the modified dog ear tube;

E.    Failing to utilize quality materials and workmanship in the manufacture of the modified dog ear tube;

F.    Failing to adequately and properly warn reasonably anticipated users of the defective condition of the modified dog ear tube;

G.    Representing that the modified dog ear tube were safe for use on the Schnabel Trailers;

H.    Failing to recall the modified dog ear tube;

I.    Failing to utilizing substandard materials during the manufacture of the modified dog ear tube;

J.    Failing to implement adequate quality control during the manufacture of the modified dog ear tube;

K.    Rushing the modified dog ear tube  through production; and/or

Unofficial Copy Office of Chris Daniel District Clerk

L.      Failing to use that care which a reasonably prudent person would use in the conduct of its business.

At the time of the crash in question, it was foreseeable that Immel Bladimir Rivera was a person who would be on the roads of the State of Texas when the modified dog ear tube was being used which could reasonably be foreseen.

Defendant Combined Transport, Inc. could not reasonably expect that the risks of injury set forth herein were obvious or known to persons traveling on the highways of the State of Texas of the modified dog ear tube breaking, including Immel Bladimir Rivera.

The negligent acts and omissions of Defendant Combined Transport, Inc. was a proximate cause of Plaintiff Immel Bladimir Rivera and Intervenor Plaintiff Karen Constanza Torres's injuries and damages.

**G. Strict Product Liability - Defendant Combined Transport, Inc.**

Intervenor Plaintiff repeat and re-allege all previous paragraphs as if fully set forth herein.

Defendants Combined Transport, Inc. manufactured the modified dog ear tube and permitted its use on Schnabel Trailers operating on the road and highwasy of Texas and the United States and is therefore liable for harm proximately caused by an unreasonable risk of injury resulting from a condition of those modified dog ear tube or from the manner of their use.

An unreasonable risk of injury is a risk which a reasonably prudent person having full knowledge of the risk would find unacceptable, taking into consideration the ability to eliminate the risk without seriously impairing the usefulness of the dog ear tube or making it unduly expensive.  Such an unreasonable risk of harm makes the products defective, irrespective of the care taken in the manufacture and supply process.

Immel Bladimir Rivera was a person whom Combined Transport, Inc. could reasonably expect to be on the United States and Texas roadways when the modified dog ear tube was in use on a Schnabel Trailer.

At the time of the incident at issue, the modified dog ear tube is defective as a result of at least the following conditions:

A.   The modified dog ear tube was designed and/or manufactured such that the it did not meet the necessary safety standards for hauling the tower section;

B.   The modified dog ear tube was designed and/or manufactured with poor quality materials;

C.   The modified dog ear tube was designed and/or manufactured in a manner that it would not tolerate the forces applied when and during normal and foreseeable use;

D.   The modified dog ear tube was designed and/or manufactured in a manner that would increase the likelihood that it would crake and/or break during normal and foreseeable use;

E.   The modified dog ear tube was designed to put users and non-users in mortal danger who are around the modified dog ear tube when hauling;

F.   The modified dog ear tube was designed without proper warnings and/or instructions regarding the risk of cracking or breaking during normal operating conditions which can cause serious injury due to a failure of the modified dog ear tube to withstand the force applied during a haul; and/or

G.   The modified dog ear tube was designed and/or manufactured with substandard materials.

At the time of the incident in question, the modified dog ear tube was operating for a purpose and in a manner which could reasonably be foreseen.

Defendant Combined Transport, Inc. could not reasonably expect that the risks of injury set forth herein were obvious or known to foreseeable person who were on the roadway whether as driver or passenger, including Immel Bladimir Rivera.

Immel Bladimir Rivera and Intervenor Plaintiff Karen Constanza Torres's injuries and damages were proximately caused by a condition or conditions of the modified dog ear tube which were not substantially changed or unforeseeably altered from the condition or conditions in which Defendant Combined Transport, Inc. placed the modified dog ear tube on the Schnabel Trailers.

The defective conditions of the modified dog ear tube, either singularly or in combination, were a proximate cause of Immel Bladimir Rivera injuries and damages and to Intervenor Plaintiff Karen Constanza Torres.

**H. Gross Negligence**

Intervenor Plaintiff Karen Constanza Torres incorporates all previous paragraphs by reference. Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis conduct described above constitutes malice and/or gross negligence. Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis's acts and omissions, when viewed from the standpoint of the Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis at the time of the acts and omissions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference or worse with regard to the rights, safety and welfare of Immel Bladimir Rivera and Intervenor Plaintiff.

**I. Intervenor Plaintiff Entitled to Recovery**

The Intervenor Plaintiff has a justiciable in interest in this lawsuit and is entitled to some recovery.

**J. Common Questions of Law & Fact**

The Plaintiff and Intervenor Plaintiff have common questions of law & fact in their pursuit of claims against Defendants for the injuries they sustained when Defendants Schnabel Trailer 2 became dislodged from Defendants' Schnabel Trailer 1 and created a dangerous condition for all north bound traffic on North I-69.  Most notably are:

How did how did Defendants' Tractor 2 become dislodged?

Who was responsible for connecting Schnabel Trailer 2 to Schnabel Trailer 1?

What duty and responsibility did Defendants have in securing Schnabel Trailer 2?

Did Defendants breach their duties?

How did Defendants breach their duties?

Was Defendants breach of duty a proximate cause of the collision?

Did Defendants violate any state and/or federal regulations?

Did Defendants' conduct when viewed objectively from the Defendants' standpoint involve an extreme degree of risk?

Did Defendants have actual subjective awareness of the risk but proceeded anyway with a conscious indifference to the rights, safety or welfare of others?

## VII.
### DAMAGES

As a result of the unnecessary occurrence, Intervenor Plaintiff Karen Constanza Torres claim all damages recognizable by law, including but not limited to past and future:

  a.  a.  The loss of consortium and loss of household services sustained by Plaintiff Gina Smylie; and

b. Such other and further elements of damage as are shown by the evidence at the trial of this cause.

Additionally, Intervenor Plaintiff Karen Constanza Torres seeks recovery of exemplary damages for Cross-Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis gross negligence in an amount to be determined at trial by a fair and impartial jury after hearing all of the evidence and considering all of the circumstances. Given the early stage of this action and that discovery has just begun and that all the evidence is not yet available, it is difficult to predicate the maximum amount of damages Intervenor Plaintiff will present to a jury for consideration.

Further, Intervenor Plaintiff Karen Constanza Torres damages exceed the minimum jurisdictional limits of the Court.

## VIII.
### REQUEST FOR JURY TRIAL

Intervenor Plaintiff hereby asserts his right under the United States and Texas Constitution and demand a trial by jury. Plaintiff herein has tendered the appropriate fee with this Original Petition in Intervention.

## IX.
### RIGHT TO AMEND

These allegations against Defendant are made acknowledging that this lawsuit is still in investigation and discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding and/or dismissing parties to the case. The right to do so, under Texas law, is expressly reserved.

## X.
### REQUEST FOR DISCLOSURE

Under the authority of Texas Rule of Civil Procedure 194, Intervenor Plaintiff requests each Defendants to disclose, if not already served, the information or material described in Rule 194.2(a) through 194.2(l) within thirty (30) days of the service of this petition and request under Rule 21 and 21a or fifty (50) days if being served by original citation.

## XIII.
### PRAYER

Intervenor Plaintiff Karen Constanza Torres, prays that Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership and Michael Davis be cited in terms of law to appear and answer herein, and that upon final trial, Plaintiff have a judgment entered against Defendants for the damages plead and for such other and further relief to which Plaintiff may be justly entitled in law or in equity.

Respectfully submitted,

HECTOR G. LONGORIA
Texas State Bar No. 00794185
Email: hlongoria@heardrobins.com
2000 West Loop South, 22nd Floor
Houston, Texas 77027
Telephone:     (713) 650-1200
Facsimile:     (713) 650-1400

*Attorney for Intervenor Plaintiff,*
*Karen Constanza Torres*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was delivered in accordance with Rule 21 and 21a of the Texas Rules of Civil Procedure to the counsel of record listed below by electronic delivery via eFiling for Courts eService, email, certified mail/return receipt requested and/or facsimile on this 12th day of May, 2016:

Nick Oweyssi
**THE OWEYSSI LAW FIRM**
3200 Southwest Freeway, Suite 2350
oweyssi@gmail.com
State Bar No. 24072875
Houston, TX 77027
(713) 225-2222
*Attorney for Deven Tesean Bowe*

James Eloi Doyle
**DOYLE, RESTREPO HARVIN & ROBBINS, L.L.P.**
State Bar No. 06093500
jdoyle@drhrlaw.com
Reed W. Burritt
State Bar No. 24092201
rburritt@drhrlaw.com
440 Louisiana St, Suite 2300
Houston, Texas 77002
(713) 228-5100
*Attorneys for Dora Ruiz*

Eric R. Benton
State Bar No. 00797890
erb@lorancethompson.com
**LORANCE & THOMPSON, P.C.**
2900 North Loop West, Suite 500
Houston, TX 77092
(713) 868-5560
*Attorneys for Combined Transport, Inc., Combined Transport Logistics Group, Inc. & Michael Davis*

Fernando P. Arias
Lisa M. Yerger
**FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP**
9201 N. Central Expressway, Suite 600

Dallas, Texas 75231
*Attorneys for Supershuttle Houston LLC*

Austin L. Van Stean
austin@vansteanlaw.com
State Bar No. 24035291
The Van Stean Law Firm
9654C Katy Freeway, Suite 121
Houston, Texas 77055
(713) 478-8552
*Plaintiff Attorney for Nora Estada*

Shane Mackey
State Bar No.
Shane.Mackey@wbclawfirm.com
**WALTERS BALIDO & CRAIN**
2500 Tanglewilde, Suite 250
Houston, Texas 77063
(713) 335-0285
*Defense Attorney for Nora Estada*

Michael T. Sprague
State Bar No. 18961900
mspraguelaw@gmail.com
**SPRAGUE, RUSTAM & DIAMOND, P.C.**
11111 Katy Freeway, Suite 300
Houston, TX 77079
(713) 647-3130
*Defense Attorney for Erfain Gomez*

Hector G. Longoria