5/5/2016 2:15:37 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10479784
By: Shanelle Taylor
Filed: 5/5/2016 2:15:37 PM

## CAUSE NO. 2015-42296

| | | |
|---|---|---|
| **DEVEN TESEAN BOWE,** *Plaintiff,* | § § § | **IN THE DISTRICT COURT OF** |
| **IMMELL BLADIMIR RIVERA,** *Intervenor Plaintiff,* | § § § | |
| **EFRAIN GOMEZ** *Cross Plaintiff,* **v.** | § § § § | |
| **COMBINED TRANSPORT, INC. AND MICHAEL EUGINE DAVIS,** *Defendants/Cross-Defendants.* | § § § § § | |
| **&** | § | |
| **DORA RUIZ,** *Intervenor Plaintiff,* | § § § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| **COMBINED TRANSPORT, INC., COMBINED TRANSPORT LOGISTICS GROUP, INC., CARDMOORE TRUCKING, LIMITED PARTNERSHIP, SUPERSHUTTLE HOUSTON LLC, DEVEN TESEAN BOWE, MICHAEL DAVIS, NORA ESTRADA, AND EFRAIN GOMEZ,** | § § § § § § § § § | |
| *Defendants,* | § | **133rd  JUDICIAL DISTRICT** |



### SECOND AMENDED PETITION IN INTERVENTION OF DORA RUIZ

**TO THE HONORABLE COURT:**

Intervenor, Dora Ruiz ("Ruiz") files this Second Amended Petition in Intervention as a plaintiff against, Combined Transport, Inc. ("Combined Transport"), Combined Transport



EXHIBIT
88

Logistics Group, Inc. ("Combined Logistics"), Cardmoore Trucking, Limited Partnership ("Cardmoore Trucking"), SuperShuttle Houston LLC ("SuperShuttle"), Deven Tesean Bowe ("Bowe"), Michael Eugene Davis ("Davis"), Nora Estrada ("Estrada"), and Efrain Gomez ("Gomez"), and, for cause of action, would show the Court as follows:

## PARTIES

1.      Dora Ruiz is an individual residing in Fort Bend County, Texas.

2.      Combined Transport, Inc. is a foreign corporation doing business in Texas and has already appeared in this case.

3.      Combined Transport Logistics Group, Inc. is a foreign corporation doing business in Texas and has already answered in this case.

4.      Cardmoore Trucking, Limited Partnership is a foreign corporation doing business in Texas and may be served by serving its registered agent for service of process, President, Michael Card, 5656 Crater Lake Avenue, Central Point, Oregon 97502, or wherever the registered agent may be found.

5.      SuperShuttle Houston LLC is a domestic limited liability and has already appeared in this case.

6.      Michael Eugene Davis is a non-resident individual and has already appeared in this case.

7.      Deven Tesean Bowe is an individual residing in Harris County, Texas.

8.      Nora Estrada is an individual residing in Harris County, Texas.

9.      Efrain Gomez is an individual residing in Harris County, Texas.

10.     Immel Rivera is a resident of Harris County, Texas.

2

<u>JURISDICTION AND VENUE</u>

11.     Ruiz brings this negligence action against Defendants for the severe injuries she suffered in an automobile collision caused by Defendants in Houston, Harris County, Texas.  Ruiz seeks monetary relief of over $1,000,000 and all other relief to which she is entitled.  Venue is proper in Harris County under TEXAS CIVIL PRACTICE AND REMEDIES CODE § 15.002(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in Harris County, Texas.  The subject matter, damages, and relief sought are within the jurisdictional limits of this Court.

<u>DISCOVERY CONTROL PLAN</u>

12.     Ruiz intends to conduct discovery under Level 3 of Texas Rules of Civil Procedure 190.

<u>RIGHT TO INTERVENE</u>

13.     Ruiz has the right to intervene in this action because she could have originally brought the action and been entitled to recover in her own name.  *See* Tex. R. Civ. P. 60; *see also Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990). Ruiz's claims arise out of the same multi-automobile accident from which Bowe's claims arise.

<u>FACTS</u>

14.     Combined Transport entered into a contract with Acciona Windpower North America LLC to haul a wind turbine tower ("tower") from Houston to Seymour, Texas.  The Schnabel trailers Combined used to haul the tower were manufactured by Aspen Custom Trailers ("Aspen").  The trailers could not haul the tower as originally manufactured by Aspen because the trailers' dog ear tubes were too short.  Without the approval of Aspen,

3

Combined Transport decided to extend the manufactured dog ear tubes by welding on an additional 10 inches ("modified dog ear tubes").  Davis was employed by Combined Transport, Combined Logistics, and/or Cardmoore Trucking, to haul the tower to from Houston to Seymour using a tractor and two Schnabel trailers with the modified dog ear tubes.

15.    On November 24, 2014, at approximately 1:00 PM, the trailers with the attached tower being hauled by Davis struck a concrete barrier as Davis was entering onto Highway I-69 from Loop 610 in Harris County, Texas. The tower separated from the rear trailer and swung free of the tractor being driven by Davis creating an obstruction in the highway in front of the vehicles being driven by Ruiz, Estrada, Bowe, and Gomez.  At the same time, the rear Schnabel trailer, now uncontrolled, flew across the lanes of I-69 traffic, crashing into a box truck, driven by Gomez, traveling north on I-69, then continuing across all remaining northbound lanes and finally crashing into the concrete barrier dividing I-69 traffic.  This caused a multi-car pile-up in which the box truck crashed into a SuperShuttle van, driven by Bowe, which then crashed into Ruiz's vehicle slamming it against the concrete dividing barrier.  Thereafter, a vehicle driven by Estrada rammed into the back of Ruiz's vehicle. The injuries to Ruiz and damage to her vehicle were caused by the negligence of Combined Transport, Combined Logistics, Cardmoore Trucking and Davis, and through the negligence of, Estrada, Bowe, and Gomez.  The severity of the crash caused Ruiz's skull to whiplash with such force that she was knocked unconscious.  As a result of Defendants' negligence, Ruiz sustained a traumatic brain injury and other injuries to her body, the symptoms of which continue to limit her quality of life and ability to work.

4

16.     At all times material, Davis was acting within the course and scope of his employment with Combined Transport, Combined Logistics, and/or Cardmoore Trucking. The operation of motor vehicles to transport property was within the scope of Davis' employment. Davis' actions are therefore attributable to Combined Transport, Combined Logistics, and/or Cardmoore Trucking under *respondeat superior*.

17.     On information and belief, at all times material, Bowe was acting within the course and scope of his employment with SuperShuttle. The vehicle driven by Bowe was owned by SuperShuttle. The operation of motor vehicles to transport passengers was within the scope of Bowe's employment. Bowe's actions are therefore attributable to SuperShuttle under *respondeat superior*.

CLAIMS

18.     Ruiz hereby incorporates the preceding paragraphs of this Amended Petition in Intervention as if set forth fully below.

19.     Combined Transport, Combined Logistics, and/or Cardmoore Trucking owed Ruiz a duty to exercise reasonable care to avoid harm to others. Combined Transport, Combined Logistics, and/or Cardmoore Trucking owed Ruiz a duty to properly secure the loads their trucks transport, as well as secure the trailers hauling those loads. Combined Transport, Combined Logistics, and/or Cardmoore Trucking owed Ruiz a duty to have reasonable safety procedures in place. Combined Transport, Combined Logistics, and/or Cardmoore Trucking owed Ruiz a duty to exercise reasonable care by ensuring the people who they entrust and authorize to use their equipment and property be safe, prudent and careful operators of the equipment and property. Combined Transport, Combined Logistics, and/or Cardmoore Trucking owed Ruiz a duty to use due care in controlling the actions of

5

their employees and supervising them properly. Combined Transport, Combined Logistics, and/or Cardmoore Trucking owed Ruiz a duty not to hire unlicensed, reckless, or incompetent employees.

20.    Combined Transport, Combined Logistics, and/or Cardmoore Trucking breached their duties owed to Ruiz. Combined Transport, Combined Logistics, and/or Cardmoore Trucking failed to use ordinary and reasonable care in securing the cargo being transported by their truck and the trailer hauling the cargo. Combined Transport, Combined Logistics, and/or Cardmoore Trucking breached their duties in failing to have proper safety procedures in place. Combined Transport, Combined Logistics, and/or Cardmoore Trucking were negligent in failing to exercise control over Michael Davis and supervise him properly as a reasonably prudent employer would in the same or similar circumstances. Combined Transport, Combined Logistics, and/or Cardmoore Trucking were negligent in entrusting the vehicle to Davis. Furthermore, Combined Transport, Combined Logistics, and/or Cardmoore Trucking are negligent *per se* for its violation of Texas Transportation Code §§ 725.021, 547.004, 547.352, 542.302, 545.351, and 49 C.F.R. § 392.9 as adopted by TEX. ADMIN. CODE § 4.11(a)(1). Ruiz belongs to the class of persons the statutes are designed to protect and their violation proximately caused Ruiz's injuries. The injuries and damages set forth in this Petition were proximately caused by Defendants' aforementioned acts or omissions and were foreseeable results of such acts or omissions.

21.    Combined Transport, Combined Logistics, and/or Cardmoore Trucking are also vicariously liable for the negligence of Davis. Combined Transport, Combined Logistics, and/or Cardmoore Trucking are the actual, statutory, apparent, or constructive employer of Davis. Combined Transport, Combined Logistics, and/or Cardmoore Trucking

owned the truck that Davis operated negligently.  At all times material hereto, Davis was acting in the course and scope of his employment with Combined Transport, Combined Logistics, and/or Cardmoore Trucking.

22.    Defendant Combined Transport, Inc. is the designer, tester, inspector and manufacturer of the modified dog ear tubes.  Defendant Combined Transport, Inc. had a duty to use ordinary care in designing, manufacturing, testing and inspecting the modified dog ear tubes.

23.    Defendant Combined Transport, Inc. had a duty to use ordinary care to avoid a foreseeable risk of injury caused by a condition of the modified dog ear tubes or the manner in which the modified dog ear tubes were used.

24.    Defendant Combined Transport, Inc. had a duty to use ordinary care including reasonable engineering standards to design the modified dog ear tubes to avoid a foreseeable risk of injury caused by their use when hauling cargo on the highway and roads of Texas and the United States.

25.    Defendant Combined Transport, Inc. had a duty to use ordinary care to avoid foreseeable risk of injury continued after the modified dog ear tubes were placed on the Schnabel trailers, if it knew, or in the exercise of ordinary care should have known, of a foreseeable risk of injury caused by a condition of the modified dog ear tubes when in use.

26.    Defendant Combined Transport, Inc. had a duty to use ordinary care to inspect the modified dog ear tubes for conditions that could expose people to risk of injury.

27.    Defendant Combined Transport, Inc. had a duty to inspect the modified dog ear tubes for conditions that could expose people to risk of injury when used on Schnabel

7

Trailers and when it had knowledge which would lead a reasonably prudent person to undertake an inspection.

28.     Defendant Combined Transport, Inc. had a duty to repair or replace the modified dog ear tubes before permitting them to be used on Schnabel Trailers with conditions which would expose all persons that were driving on the same roads to risk of injury when they knew or should have known of the need for replacement or repair.

29.     The duty of care increases with the severity of danger, thus Defendant Combined Transport, Inc.'s duty was especially high given the likelihood of serious injury from a failure of the modified dog ear tubes during normal use.

30.     Defendant Combined Transport, Inc. breached its duties of care, and, therefore, was negligent in at least the following particulars:

A.      Failing to have the modified dog ear tubes designed by an engineer;

B.      Failing to have the modified dog ear tubes properly tested before being used;

C.      Failing to adequately inspect the modified dog ear tubes;

D.      Failing to utilize and/or implement standards for the manufacture of the modified dog ear tubes;

E.      Failing to utilize quality materials and workmanship in the manufacture of the modified dog ear tubes;

F.      Failing to adequately and properly warn reasonable anticipated users of the defective condition of the modified dog ear tubes;

G.      Representing that the modified dog ear tube was safe for use on the Schnabel Trailers;

H.      Failing to recall the modified dog ear tubes;

I.      Failing to utilize adequate materials during the manufacture of the modified dog ear tubes;

8

J.      Failing to implement adequate quality control during the manufacture of the modified dog ear tubes;

K.      Rushing the modified dog ear tubes through production; and/or

L.      Failing to use the care which a reasonably prudent person would use in the conduct of its business.

31.     At the time of the crash, it was foreseeable that Ruiz was a person who would be on the roads of the State of Texas when the modified dog ear tubes were being used.

32.     Defendant Combined Transport, Inc. could not reasonably expect that the risks of injury set forth herein were obvious or known to persons including Ruiz, traveling on the highways of the State of Texas of the modified dog ear tubes breaking.

33.     The negligent acts and omissions of Defendant Combined Transport, Inc. were the proximate or producing cause of Plaintiff Ruiz's injuries and damages.

34.     Defendant Combined Transport, Inc. manufactured and designed the modified dog ear tubes and permitted their use on Schnabel Trailers operating on the road and highways of Texas and the United States and is therefore strictly liable for harm proximately cause by an unreasonable risk of injury resulting from a condition of those modified dog ear tubes or from the manner of their use.

35.     An unreasonable risk of injury is a risk which a reasonably prudent person having full knowledge of the risk would find unacceptable, taking into consideration the ability to eliminate the risk without seriously impairing the usefulness of the dog ear tubes or making them unduly expensive.  Such an unreasonable risk of harm makes the products defective, irrespective of the care taken in the manufacture and supply process.

36.     Ruiz was a person whom Combined Transport, Inc. could reasonably expect to be on the United States and Texas roadways when the modified dog ear tubes were in use on a Schnabel Trailer.

37.     At the time of the incident at issue, the modified dog ear tubes were defective as a result of at least the following conditions:

A.      The modified dog ear tubes were designed and/or manufactured such that they did not meet the necessary safety standards for hauling the tower section;

B.      The modified dog ear tubes were designed and/or manufactured with poor quality materials;

C.      The modified dog ear tubes were designed and/or manufactured in a manner that it would not tolerate the forces applied when and during normal and foreseeable use;

D.      The modified dog ear tubes were designed and/or manufactured in a manner that would increase the likelihood that they would crack and/or break during normal and foreseeable use;

E.      The modified dog ear tubes were designed to put users and non-users in mortal danger who are around the modified dog ear tubes when hauling;

F.      The modified dog ear tubes were designed without proper warnings and/or instructions regarding the risk of cracking or breaking during normal operating conditions which can cause serious injury due to a failure of the modified dog ear tubes to withstand the force applied during a haul; and/or

        The modified dog ear tubes were designed and/or manufactured with substandard materials.

38.     At the time of the incident in question, the modified dog ear tubes were operating for a purpose and in a manner which could reasonably be foreseen.

39.     Defendant Combined Transport, Inc. could not reasonably expect that the risks of injury set forth herein were obvious or known to foreseeable people who were on the roadway whether as a driver or passenger, including Ruiz.

40.     Ruiz's injuries and damages were caused by a condition or conditions of the modified dog ear tubes which were not substantially changed or altered from the condition or conditions in which Defendant Combined Transport, Inc. placed the modified dog ear tubes on the Schnabel Trailers.

41.     The defective conditions of the modified dog ear tubes, either singularly or in combination, were a proximate and producing cause of Ruiz's injuries and damages.

42.     Davis owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances.  Davis had a duty to avoid creating foreseeable risks to others.  Davis owed Ruiz a duty to properly secure the loads that he transported, to check that the load stayed secured on his trip, and to drive in a way that does not cause the cargo to come free.

43.     Davis breached his duties because he did not conduct himself as a prudent person would under the same or similar circumstances.  Davis breached his duty by failing to properly secure the load he was transporting and by failing to operate his vehicle in a safe and prudent manner.  Furthermore, Davis was negligent *per se* for his violation of Texas Transportation Code §§ 725.021, 547.004, 547.352, 545.351, and 49 C.F.R. § 392.9 as adopted by TEX. ADMIN. CODE § 4.11(a)(1).  Ruiz belongs to the class of persons the statutes are designed to protect and their violation proximately caused Ruiz's injuries.  The injuries and damages set forth in this Petition were proximately caused by Defendants' aforementioned acts or omissions and were foreseeable results of such acts or omissions.

11

44.     Estrada owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances. Estrada owed Ruiz a duty to keep a proper lookout.  Estrada breached her duties owed to Ruiz by not operating the vehicle she was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout.   Ruiz's injuries were proximately caused by Estrada's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

45.     Bowe owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances.  Bowe owed Ruiz a duty to keep a proper lookout.  Bowe breached his duty of care owed to Ruiz by not operating the vehicle he was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout.   Ruiz's injuries were proximately caused by Bowe's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

46.     SuperShuttle is vicariously liable for the negligence of Bowe. SuperShuttle is the actual, statutory, apparent, or constructive employer of Bowe.  SuperShuttle owned the van that Bowe operated negligently.  At all times material hereto, Bowe was acting in the course and scope of his employment with SuperShuttle.

47.     Gomez owed Ruiz a duty of reasonable care and to act as a prudent person would under the same or similar circumstances.  Gomez owed Ruiz a duty to keep a proper lookout.  Gomez breached his duty of care owed to Ruiz by not operating the vehicle he was driving as a prudent person would under the same or similar circumstances and by not keeping a proper lookout.   Ruiz's injuries were proximately caused by Gomez's aforementioned acts or omissions and were a foreseeable result of such acts or omissions.

<u>DAMAGES</u>

**A.    Actual Damages**

48.    Ruiz incorporates the preceding paragraphs of this Amended Petition in Intervention as if set forth fully below.

49.    As a direct and proximate result of Defendants' negligence, Ruiz suffered traumatic brain injuries and severe injuries to her shoulder and other parts of her body.  Ruiz has suffered personal injuries and seeks monetary damages to compensate them for the following elements of damages:

A.    Reasonable and necessary medical care and expenses in the past;

B.    Reasonable and necessary medical care and expenses that will, in reasonable probability, be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering that will, in reasonable probability, be incurred in the future;

E.    Physical impairment in the past;

F.    Physical impairment that will, in reasonable probability, be suffered in the future;

G.    Mental anguish in the past;

H.    Mental anguish that will, in reasonable probability, be suffered in the future;

    Loss of earning capacity in the past;

J.    Loss of earning capacity that will, in reasonable probability, be suffered in the future; and

K.    Loss of wages.

13

**B.   Exemplary Damages**

50.   Ruiz incorporates the preceding paragraphs of this Amended Petition in Intervention as set forth fully below.

51.   Exemplary damages should be assessed against Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking Limited Partnership and Michael Davis because they are guilty of gross negligence or malice. Such damages will serve as a deterrent to such future bad conduct and as a punishment for their bad acts in an amount to be determined by the jury.

<u>JURY DEMAND</u>

52.   Ruiz demands a jury trial and has previously tendered the appropriate fee.

<u>CONDITIONS PRECEDENT</u>

53.   All conditions precedent for the above claims have occurred or been performed.

<u>REQUEST FOR DISCLOSURES</u>

54.   Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Combined Logistics disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

<u>PRAYER</u>

WHEREFORE, Intervenor Dora Ruiz prays that the parties take notice of the second amended petition in intervention and that, upon final trial, Ruiz receive judgment against Defendants Combined Transport, Inc., Combined Transport Logistics Group, Inc., Cardmoore Trucking, Limited Partnership, SuperShuttle LLC, Deven Tesean Bowe, Michael Eugene Davis, Nora Estrada, and Efrain Gomez for actual damages suffered by Ruiz,

exemplary damages, plus pre- and post-judgment interest at the highest rate allowed by law, all costs of court, and all such other and further relief, at law and in equity, to which she may be justly entitled.

Respectfully submitted by,

**DOYLE RESTREPO HARVIN & ROBBINS, L.L.P.**

By: /s/ James Eloi Doyle
　　James Eloi Doyle
　　State Bar No. 06093500
　　jdoyle@drhrlaw.com
　　Michael D. Robbins
　　State Bar No. 16794700
　　mrobbins@drhrlaw.com
　　Reed W. Burritt
　　State Bar No. 24092201
　　rburritt@drhrlaw.com

440 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

Mark D. Manela
State Bar No. 12894500
MANELA LAW FIRM
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 240-4843 (telephone)

**ATTORNEYS FOR DORA RUIZ**

## CERTIFICATE OF SERVICE

I certify that on May 5, 2016, a true and correct copy of this document was served on all known counsel of record by electronic service, or other means in accordance with the Texas Rules of Civil Procedure:

Nick Oweyssi
3200 Southwest Freeway, Suite 2350
Houston, TX 77027

Hector G. Longoria
HEARD ROBINS CLOUD & LUBEL, LLP
2000 West Loop South, 22nd Floor
Houston, TX 77027

Eric R. Benton
LORANCE & THOMPSON, P.C.
2900 North Loop West, Suite 500
Houston, TX 77092

Fernando P. Arias
Lisa M. Yerger
FLETCHER, FARLEY, SHIPMAN & SALINAS, LLP
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231

Austin L. Van Stean
1235 North Loop West, Suite 920
Houston, Texas 77008

Michael T. Sprague
SPRAGUE RUSTAM & DIAMOND, PC
11111 Katy Freeway, Suite 300
Houston, TX 77079

David H. Bradley
WALTERS, BALIDO & CRAIN, L.L.P.
2500 Tanglewilde, Suite 250
Houston, Texas 77063

/s/ Michael D. Robbins
Michael D. Robbins