10/7/2016 3:06:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 13130798
By: Anita Perez
Filed: 10/7/2016 3:06:48 PM

CAUSE NO. 2015-42296

| | | |
|---|---|---|
| DEVEN TESEAN BOWE | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| IMMEL BLADIMIR RIVERA | § | |
| Intervenor Plaintiff, | § | |
| EFRAIN GOMEZ | § | |
| Cross Plaintiff, | § | |
| v. | § | |
| COMBINED TRANSPORT, INC AND MICHAEL EUGENE DAVIS | § | 133rd JUDICIAL DISTRICT |
| Defendants/Cross Defendants, | § | |
| & | § | |
| DORA RUIZ | § | |
| Intervenor Plaintiff, | § | |
| v. | § | |
| COMBINED TRANSPORT, INC, MICHAEL EUGENE DAVIS, SUPERSHUTTLE HOUSTON, LLC, DEVEN TESEAN BOWE, NORA ESTRADA, AND EFRAIN GOMEZ | § | |
| Cross Defendants. | § | HARRIS COUNTY TEXAS |

**CROSS PLAINTIFFS' PETITION IN INTERVENTION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Nora Estrada, Cross Plaintiff, individually and as Next Friend for Eddie Ortega and Aaliayah Ortega, Intervenors herein, and files this Petition in Intervention

CROSS PLAINTIFFS' PETITION IN INTERVENTION AND REQUEST FOR DISCLOSURE
Page 1 of 13



complaining of Combined Transport, Inc., Combined Transport Logistics, Inc., Cardmoore Trucking, Inc and Michael Eugene Davis, Defendants herein, and for cause(s) of action would respectfully show unto this Honorable Court as follows:

## I.
## DISCOVERY PLAN

1. Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Intervenor Nora Estrada, individually and as Next Friend for Eddie Ortega and Aaliayah Ortega is a natural person residing in Houston, Harris County, Texas.

3. Defendant Combined Transport, Inc. is a corporation that has already appeared in this case and can be served through counsel.

4. Defendant Combined Transport Logistics, Inc. is a corporation that has already appeared in this case and can be served through counsel.

5. Defendant Cardmoore Trucking, Inc. is a corporation that has already appeared in this case and can be served through counsel.

6. Defendant Michael Eugene Davis is an individual that has already appeared in this case and can be served through counsel.

## III.
## VENUE AND JURISDICTION

7. Venue is proper in Harris County, Texas, pursuant to the Texas Civil Practices and Remedies Code §15.001 *et seq.* because the crash occurred in Harris County, Texas.

8.  Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court. Further, this Court has personal jurisdiction over all parties as set out in paragraph II.

## IV.
## FACTS

9.  The crash that is the subject of this suit occurred on November 24, 2014. In the days prior to November 24, 2014, Defendants Combined Transport, Inc., Combined Transport Logistics, Inc. and Cardmoore Trucking, Inc. (hereinafter "the Corporate Defendants) were working together to arrange for hauling of a tower section from the Houston Ship Channel to Seymour, Texas. To avoid using a crane to load and unload the tower, the Corporate Defendants devised a procedure for affixing the tower between two Schnable trailers. The Corporate Defendants were negligent in the design and manufacture of the modifications made to the tower and the trailers. The Corporate Defendants then retained Defendant Michael Eugene Davis (hereinafter Davis) to operate a tractor to haul the modified trailers. Davis, exiting Loop 610 in Houston, Harris County, Texas to enter onto I-59 North, lost control of the tractor, causing the trailer and the trailers to careen into I-59 traffic, striking barricades and vehicles. Intervenor and her children, who were travelling north on I-59, were unable to avoid one of the vehicles involved in the crash and collided with it. As a result of the collision, Intervenor and her children suffered serious physical injuries.

## V.
## NEGLIGENCE OF DAVIS

10. Defendant had a duty to operate the vehicle driven by him as a reasonably prudent person would have under the same or similar circumstances; however, Defendant disregarded this duty. Such disregard for this duty consisted of, but is not limited to, the following acts

and/or omissions:

    a. Failing to control the speed of his vehicle;

    b. Failing to pay attention to driving conditions;

    c. Operating his vehicle at a greater rate of speed than was reasonably prudent;

    d. Failing to take proper evasive action;

    e. Failing to apply the brakes to the vehicle he was driving;

    f. Failing to timely apply the brakes to the vehicle he was driving;

    g. Failing to apply sufficient force to the brakes to avoid the collision;

    h. Failing to avoid the collision;

    i. Failing to maintain a proper lookout;

    j. Failing to drive in a reasonably attentive manner;

    k. Failing to turn his vehicle to the left or to the right in order to avoid the collision;

    l. Violating the terms and provisions of the Texas Transportation Code and the Texas Driver's Handbook; and

    m. Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

11. Each of the above referenced acts or omissions by Defendant directly and proximately caused Intervenor's and her children's injuries and damages. Nothing Intervenor did or failed to do contributed to or proximately caused the incident in question or her resulting injuries and damages.

12. At all times, Davis was acting in the course and scope of his employment with one or more of the Corporate Defendants. The Corporate Defendants are therefore liable for his negligence under the doctrine of *respondeat superior*.

## VI.
## GROSS NEGLIGENCE OF DAVIS

13. The occurrence made the basis of this suit and the resulting injuries and damages to Intervenor and her children was proximately caused by Defendant. Such wanton and reckless disregard for the safety of Intervenor, consisted of, but is not limited to, the following acts and/or omissions:

    a. Failing to control the speed of his vehicle;

    b. Failing to pay attention to driving conditions;

    c. Operating her vehicle at a greater rate of speed than was reasonably prudent;

    d. Failing to take proper evasive action;

    e. Failing to apply the brakes to the vehicle he was driving;

    f. Failing to timely apply the brakes to the vehicles he was driving;

    g. Failing to apply sufficient force to the brakes to avoid the collision;

    h. Failing to avoid the collision;

    i. Failing to maintain a proper lookout;

    j. Failing to drive in a reasonably attentive manner;

    k. Failing to turn his vehicle to the left or to the right in order to avoid the collision;

    l. Violating the terms and provisions of the Texas Transportation Code and the Texas Driver's Handbook; and

    m. Failing to act as a reasonably prudent driver would have done under the same or similar circumstances.

14. Each of these acts and/or omissions of Intervenor constitutes a wanton and reckless disregard for the safety of Intervenor, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to Intervenor as described below.

15. When viewed objectively from the standpoint of Intervenor at the time of its occurrence, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendant was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Intervenor sues for exemplary damages in the amount determined by the trier of the fact.

16. At all times, Davis was acting in the course and scope of his employment with one or more of the Corporate Defendants. The Corporate Defendants are therefore liable for his gross negligence under the doctrine of *respondeat superior*.

## VII.
## NEGLIGENCE *PER SE* OF DAVIS

17. Defendant's violations of local ordinances and state traffic laws constitute negligence *per se*. Defendant's negligence *per se* was a direct and proximate cause of the collision in question and the resulting injuries and damages sustained by Intervenor and her children. Defendant's violations of local ordinances and state traffic laws include, but not limited to, the following:

> Violation of the laws of the State of Texas, including Texas Transportation Code §545.401, Cross Defendant drove his vehicle with heedless and reckless disregard of the safety and welfare of others, including Plaintiff; and
>
> b. Violation of the laws of the State of Texas, including Texas Transportation Code §545.351, Cross Defendant failed to control the

speed of his vehicle as necessary to avoid colliding with vehicles or blocking their path;

18. On the occasion in question, Defendant failed to comply with the Texas Transportation Code. Plaintiff is within the class of persons designed to be protected by the statutes. As such, Defendant's conduct on the occasion in question constituted negligence *per se,* that is, negligence as a matter of law. Defendant's negligence *per se* was a direct and proximate cause of the incident in question and Intervenor and her children's injuries and damages.

19. At all times, Davis was acting in the course and scope of his employment with one or more of the Corporate Defendants. The Corporate Defendants are therefore liable for his negligence under the doctrine of *respondeat superior.*

## VIII.
## NEGLIGENCE OF CORPORATE DEFENDANTS AND DAVIS.

20. In addition, the actions Corporate Defendants and Davis were the proximate cause of the injuries of Intervenor and her children. The Defendants were negligent in failing to enact and/or enforce appropriate safety rules, regulations and/or practices that would have prevented the collision and damages. More specifically, the Defendants' acts and omissions include but are not limited to the following:

   a. violating the Federal Motor Carrier Regulations 49 CFR §§ 393.70 & 393.71- Coupling devices and towing methods and as adopted by the 37 Tex. Admin. Code §4.11 (a)(1)

   b. Failing to inspect and ensure that the tower load was secure was secure and violating the Federal Motor Carrier Regulations 49 CFR §§ 392.9 and as adopted by the 37 Tex. Admin. Code § 4.11 (a)(1).

c.  Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.100. 393.102, 393.104, 393.106, 393.108, 393.110 and 393.130-Coupling devices and towing methods and as adopted by the 37 Tex, Admin. Code §4.11 (a)(1).

d.  Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation Safety)

e.  Failing to have safety chains strong enough to to maintain the connection between the trailers. (Tex Tranp. Code §545.401(a).

f.  Driving the vehicle in willful and wanton disregard for the safety of the public. (Tex. Transp. Code §547.004(a)(1))

g.  Owns the tractor and trailer or employed or otherwise directed the operator of a vehicle commita an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates the law (Tex. Transp. Code § 545.351)

h.  Operating at a greater speed greater than is reasonable and prudent under the circumstances. (Tex. Transp. Code § 545.351)

i.  Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person. (Tex. Transp. Code § 547.004 (a) (30).

j.  Operating or permitting somebody to operate a vehicle that is equipped in a manner that complies with the vehicle equipment standard requirements. (Tex. Transp. Code §§ 547.004(a)(2) & (a)(30).

k.  Failing to use an engineer to design the modification to the trailers.

l.  Failing to inspect the manufacturing of the additions to the trailers and Tower.

m.  Failing to properly inspect the manufacturing process of the modifications to the trailer and tower.

n.  Failing to test the modifications to the trailer.

o.  Failing to verify that the equipment used to secure a load was capable of its intended use.

p.  Failing to properly secure the load on the trailer.

q.  Failing to properly connect the trailers.

r.  Creating a dangerous condition.

**CROSS PLAINTIFFS' PETITION IN INTERVENTION AND REQUEST FOR DISCLOSURE**
**Page 8 of 13**

s. Failure to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances.

21. All of the above acts constitute negligence and negligence *per se* on the part of the Corporate Defendants and Davis.

## IX.
## GROSS NEGLIGENCE OF CORPORATE DEFENDANTS AND DAVIS

22. The occurrence made the basis of this suit and the resulting injuries and damages to Intervenor and her children was proximately caused by Defendants. Such wanton and reckless disregard for the safety of Intervenor, consisted of, but is not limited to, the following acts and/or omissions:

a. violating the Federal Motor Carrier Regulations 49 CFR §§ 393.70 & 393.71-Coupling devices and towing methods and as adopted by the 37 Tex. Admin. Code §4.11 (a)(1)

b. Failing to inspect and ensure that the tower load was secure was secure and violating the Federal Motor Carrier Regulations 49 CFR §§ 392.9 and as adopted by the 37 Tex. Admin. Code § 4.11 (a)(1).

c. Violating the Federal Motor Carrier Regulations 49 CFR §§ 393.100. 393.102, 393.104, 393.106, 393.108, 393.110 and 393.130-Coupling devices and towing methods and as adopted by the 37 Tex, Admin. Code §4.11 (a)(1).

d. Violating the Texas Administrative Code, Title 37, Part 1, Chapter 4, Subchapter B (Regulations Governing Transportation Safety)

e. Failing to have safety chains strong enough to to maintain the connection between the trailers. (Tex Tranp. Code §545.401(a).

f. Driving the vehicle in willful and wanton disregard for the safety of the public. (Tex. Transp. Code §547.004(a)(1))

g. Owns the tractor and trailer or employed or otherwise directed the operator of a vehicle commita an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates the law (Tex. Transp. Code § 545.351)

h. Operating at a greater speed greater than is reasonable and prudent under the circumstances. (Tex. Transp. Code § 545.351)

i. Operating or permitting somebody to operate a vehicle that is unsafe so as to endanger a person. (Tex. Transp. Code § 547.004 (a) (30).

j. Operating or permitting somebody to operate a vehicle that is equipped in a manner that complies with the vehicle equipment standard requirements. (Tex. Transp. Code §§ 547.004(a)(2) & (a)(30).

k. Failing to use an engineer to design the modification to the trailers.

l. Failing to inspect the manufacturing of the additions to the trailers and Tower.

m. Failing to properly inspect the manufacturing process of the modifications to the trailer and tower.

n. Failing to test the modifications to the trailer.

o. Failing to verify that the equipment used to secure a load was capable of its intended use.

p. Failing to properly secure the load on the trailer.

q. Failing to properly connect the trailers.

r. Creating a dangerous condition.

s. Failure to keep a proper lookout as a person using ordinary care would have done under the same or similar circumstances.

23. Each of these acts and/or omissions of Defendants constitutes a wanton and reckless disregard for the safety of Intervenor and her children, and singularly or in concert, constitutes a proximate cause of the resulting injuries and damages to Intervenor and her children as described below.

24. When viewed objectively from the standpoint of Defendants at the time of its occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. In addition, Defendants were actually,

subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others; therefore, Intervenor and her children sue for exemplary damages in the amount determined by the trier of the fact.

25. At all times, Davis was acting in the course and scope of his employment with one or more of the Corporate Defendants. The Corporate Defendants are therefore liable for his gross negligence under the doctrine of *respondeat superior.*

## X.
## DAMAGES OF INTERVENORS

26. As a direct and proximate result of the actions and/or omissions of Defendants described herein, Intervenor and her children incurred medical expenses in the past and, in all reasonable probability, such medical expenses will continue into the future.

27. As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenor and her children experienced physical pain and suffering in the past and, in all reasonably probability, will sustain physical pain and suffering in the future.

28. As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenor and her children experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future.

29. As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenor and her children experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

30. As a direct and proximate result of the actions and/or omissions of Defendant described herein, Intervenor and her children experienced physical disfigurement in the past and in all reasonable probability, will sustain physical disfigurement in the future.

31. The vehicle Intervenor was driving was damaged by the acts of Cross Defendant, and Intervenor is entitled to the costs to repair said vehicle, loss of use, diminished value, and other property damage.

32. Intervenors also plead for exemplary damages in an amount within the jurisdictional limits of this Court.

33. Intervenors believe that the jury has the sole right and responsibility to assess damages in an amount that it finds is appropriate given the facts and circumstances of this case. However, the law recently changed to require a plaintiff to specifically state the amount of damages within certain broad categories. As required by the new revisions to Texas Rule of Civil Procedure 47 (c), Intervenors seek monetary relief between $100,000 and $200,000.

## XI.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

34. Intervenor is entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate.

## XII.
## REQUEST FOR DISCLOSURE

35. Intervenors hereby request that all parties produce the information and materials described Texas Rule of Civil Procedure 194 (a) – (l). This discovery request is being served with this Petition in accordance with the Texas Rules of Civil Procedure. Responses must be served in accordance with those Rules.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Intervenor Nora Estrada, individually and as Next Friend for Eddie Ortega and Aaliayah Ortega, prays that Defendants Combined Transport, Inc., Combined Transport Logistics, Inc., Cardmoore Trucking, Inc and Michael Eugene Davis be cited to appear and answer herein and, upon final hearing of this cause, Intervenor have judgment against Defendants for damages described herein, for actual damages, exemplary damages, costs of suit, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Intervenor may show herself justly entitled.

Respectfully submitted,

ANDREW E. LEMANSKI & ASSOCIATES

/s/ Andrew E. Lemanski
ANDREW E. LEMANSKI
State Bar No. 24046288
9600 Long Point, Ste. 150
Houston, Texas 77055
Tele:  (713) 515-2826
Fax:   (713) 583-9401
E-mail:  andylemanski@yahoo.com

ATTORNEY FOR INTERVENORS/CROSS PLAINTIFFS