UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DORA RUIZ**, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-3090 |
| | § | |
| **COMBINED TRANSPORT INC**, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Plaintiffs'[1] Motion for Reconsideration of Order Denying Motion to Remand (Doc. No. 23). After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be denied.

### I. BACKGROUND

This case arises out of a multi-vehicle crash that occurred in Houston, Texas. Four of the five vehicles involved in the accident were driven by Texas citizens, including Ruiz and Estrada. The remaining vehicle—a large rig carrying a segment of a wind turbine tower—was driven by an Oregon citizen, Michael Davis, who was employed by Combined Transport, Inc., an Oregon company.

The following procedural history is undisputed. On August 12, 2015, Ruiz filed a lawsuit against Defendants in the 295th Judicial District Court of Harris County, Texas. Because there was complete diversity of citizenship and the amount in controversy was more than $75,000, the lawsuit was removable. 28 U.S.C. §1441. Ruiz then learned of a first-filed lawsuit brought by

---

[1] Plaintiff Dora Ruiz filed the Motion for Reconsideration on March 10, 2017. (Doc. No. 23.) On March 27, Intervenors/Plaintiffs Nora Estrada, Individually and as Next Friend for Eddie Ortega and Aaliayah Ortega, joined Ms. Ruiz's Motion. (Doc. No. 24.)

1

another individual involved in the accident in the 133rd Judicial District Court of Harris County. That lawsuit, which had been served against Defendants on August 3, 2015, was also removable, as it met both the diversity of citizenship and the amount in controversy requirements. Ruiz nonsuited her original case and intervened in the first-filed lawsuit on August 28, 2015. However, when she did so, she also sued the other parties involved in the accident—who are all Texas citizens—thereby destroying complete diversity and rendering the lawsuit non-removable. Discovery proceeded against all defendants for over a year, until Ruiz nonsuited the last non-diverse defendant on October 18, 2016, the same day the case was called for trial in state court. Defendants removed the case to federal court that day. Plaintiffs moved to remand, and the Court denied Plaintiffs' motion on February 24, 2017. (Doc. No. 22.) Plaintiffs now move for reconsideration of the Court's Order denying remand.

## II. LEGAL STANDARD

Rule 54(b) allows a court to revise an interlocutory order any time prior to the entry of judgment adjudicating all the claims and all the parties' rights and liabilities. The Federal Rules of Civil Procedure do not, however, specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Motions for reconsideration from interlocutory orders are generally governed by the standards for Rule 59(e) motions. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); *Thakkar v. Balasuriya*, No. H-09-0841, 2009 WL 2996727, at *1 (S.D. Tex. Sept. 9, 2009).

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Relief is also appropriate where there has been an intervening change in the controlling law. *See Schiller v.*

2

*Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, No. 13–41148, 2014 WL 4160444, *4 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances").

## III. ANALYSIS

Plaintiffs argue that removal is improper because it rests on grounds not mentioned in Defendants' original Notice of Removal (Doc. No. 1). Specifically, Plaintiffs note that the original Notice of Removal rests on 28 U.S.C. § 1446(b)(3). (Doc. No. 1 at 4.) Under § 1446(b)(3), if the case was not initially removable, the defendant may remove the case "within thirty days after… an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Amended Notice of Removal, filed after Plaintiffs moved to remand the case, adds an alternative statutory argument: "To the extent that this lawsuit *was* initially removable," Defendants urged that they were entitled to remove the case under 28 U.S.C. § 1446(b)(2)(B). (Doc. No. 9 at 6 (emphasis added).) The Court found that the case was initially removable and denied remand based on § 1446(b)(2)(B). (Doc. No. 22.) Plaintiffs now argue that, because the § 1446(b)(2)(B) argument did not appear in the original Notice of Removal, and because the Amended Notice of Removal

was filed outside the thirty days allowed under § 1446(b)(2)(B), removal on the basis of § 1446(b)(2)(B) is improper.

### A. Plaintiffs' arguments that could have been made before the judgment issued.

Motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Plaintiffs' motion raises no newly discovered evidence or change in the controlling law. Moreover, Plaintiffs' argument that Defendants should be limited to the statutory arguments made in their initial Notice of Removal was available at least as early as November 1, 2016, the date on which Defendants filed their Amended Notice of Removal. Plaintiffs therefore may not raise this argument for the first time in a motion for reconsideration.

### B. The Court's Order does not contain a manifest error of law or fact.

Nor have Plaintiffs established a manifest error of law or fact. Plaintiffs correctly note that Defendants are not permitted to "remove a case on one ground and then, when faced with a serious challenge to that ground, attempt to justify removal on an entirely different ground." *See Waddell v. Edison Chouest Offshore*, 93 F. Supp. 3d 714, 724-25 (S.D. Tex. 2015) (quoting *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002)); *see also Cormier v. Chet Morrison Contractors, LLC*, 85 F. Supp. 3d 880, 884 (S.D. Tex. 2015). However, Defendants' Amended Notice of Removal did not present an "entirely different ground." Like the original Notice of Removal, the Amended Notice of Removal alleges diversity jurisdiction and sets forth facts regarding the citizenship of the parties and the amount in controversy.[2] Defendants cite §§

---

[2] By contrast, in each of the cases cited by Plaintiffs, the defendant(s) attempted to remove based on "an entirely different ground" than that cited in the timely Notice of Removal. Defendants in both cases initially removed on the basis of general maritime law. *See Waddell*, 93 F. Supp. 3d at 722; *Cormier*, 85 F. Supp. 3d at 882. Subsequently, after the time for removal had elapsed, the

1446(b)(3) and 1446(b)(2)(B) not as grounds for jurisdiction, but to justify the timing of the removal.

A notice of removal is required to contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). This standard is not burdensome, and "[t]he absence of detailed grounds setting forth a basis for removal is not fatal to the defendant's right to remove." *Wormley v. S. Pac. Transp. Co.*, 863 F. Supp. 382, 384 (N.D. Tex. 1994) (quoting *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962)). "While it is the usual practice to cite the section of the United States Code under which an action is removed, failure to cite the proper section in a petition for removal is not a fatal defect where an adequate basis of removal is set forth." *Id*. Because Defendants set forth an adequate basis of removal in the original Notice—diversity jurisdiction—their failure to cite § 1446(b)(2)(B) is not fatal. As such, the Court's Order denying remand does not contain a manifest error of law.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the parties' Motion for Reconsideration of Order Denying Motion to Remand (Doc. No. 23) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 15th day of May, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

defendants alleged federal jurisdiction on other grounds—diversity in *Waddell* and a federal statute in *Cormier*. *See Waddell*, 93 F. Supp. 3d at 724; *Cormier*, 85 F. Supp. 3d at 884. Neither of these cases is analogous to the instant case, where Defendants consistently alleged diversity jurisdiction but presented two different statutory arguments regarding the timing of removal.

5